## DUGGAN *et al. vs.* COX *et al.**

The ordinary of Baldwin county had jurisdiction of a proceeding to remove obstructions from a private way existing by prescription across the commons of the city of Milledgeville, where the municipal authorities sold a portion of the commons, and its vendees fenced in the property sold, and thereby obstructed the way. Such a proceeding was a contest between individuals, which required judicial determination, and was beyond the police powers of the municipality ; nor did the claim of easement on the portion of the commons sold stand on the same basis as an obstruction of a street or square, so as to vest exclusive jurisdiction in the municipal authorities.

February 1, 1887.

---

*JACKSON, C. J., did not preside in this case, on account of providential cause.

Roads and Bridges. Private Ways. Prescription. Jurisdiction. Municipal Corporations. Commons. Before Judge LAWSON. Baldwin County. At Chambers. April 23, 1886.

Reported in the decision.

C. P. CRAWFORD, for plaintiffs in error.

WHITFIELD & ALLEN, by J. H. LUMPKIN, for defendants.

HALL, Justice.

The question in this case relates to the jurisdiction of the ordinary of Baldwin county to remove obstructions from a private way existing by prescription over land that was once a part of the commons given to the city of Milledgeville, but which had been sold by it to the defendant, who had converted it into a farm, and in so doing had fenced it, and thereby closed the way leading from the homes of the plaintiffs to the city and other public roads and streets, they having been in the constant and uninterrupted use of this way for more than seven years, without any legal step having been taken during that time to abolish the same.

According to the code, §737, whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with or obstruct said private way, and whenever the owner or owners of the land over which it passes, or any other person, shall obstruct, close up or otherwise render it unfit for use, the party injured by such obstruction or other interference may petition the ordinary of the county where the way has been in use, to remove the obstructions, and after giving notice, as prescribed in section 738 of the code, and hearing the proofs as to the obstruction, if it shall appear that the same has been in the continuous and un-

interrupted use of the party complaining for seven years or more, and no steps have been taken to prevent the enjoyment of the same, it is made the duty of the ordinary to grant an order directing the party obstructing it to remove the obstruction within forty-eight hours, and in the event of his failure to so remove said obstructions, the further duty of the ordinary is to issue a warrant, directed to the sheriff, commanding him forthwith to remove the same. From this judgment of the ordinary (*Ib.* §739) no appeal lies, but the party dissatisfied has the right to sue out a writ of *certiorari*, as in other cases now provided by law. It is further provided (§741(a) of the code) that ordinaries shall have jurisdiction concurrent, at least, with other tribunals, "in all cases and in all counties of this State, over the question of the removal of obstructions from roads, as is provided in section 738 of the code, notwithstanding any local or other law conferring jurisdiction on any other tribunal."

It is contended, however, that these provisions did not apply to the case before the court, and of that opinion was the judge of the superior court, who sustained the *certiorari* from the judgment of the ordinary, ordering the obstructions to be removed, and reversed that decision. Analogizing the jurisdiction of the municipal authorities of Milledgeville over the commons belonging to the city to the control it had over its public squares, streets, lanes and alleys, it was insisted that the jurisdiction was necessarily exclusive; but the analogy in this respect, if it exists at all, seems to us very remote. The reason for the extent of the jurisdiction in the two cases is very different. The passage of a private or public way over commons could not materially interfere with the right of commoners to use the same; whereas, an attempt to appropriate to such exclusive use any portion of the squares and streets of the city could only have the effect of obstructing their free enjoyment by the public at large, and would be a direct interference with the powers of the municipality. The city

council, in this instance, had the right, under legislative enactment, to dispose of any part of the commons in question; and under that authority, did actually dispose of that portion of the commons now in question. At the time of the sale, this servitude was upon the land, and the purchaser took subject to it. When the way was obstructed, the city had parted with all dominion or control of the land over which it passed, and had no more right to interfere with it in this respect than it had to free from such easements any land that it might happen to own beyond its limits. This was a contest between individuals, which none but the judicial power could settle, and was beyond the police powers of the municipality. It is manifest to us that the city authorities could take no jurisdiction over the subject whatever; and for that reason, we conclude the judge erred in sustaining this *certiorari*.

Judgment reversed.