THE CENTRAL BANK BLOCK ASSOCIATION *vs.* JAMES *et al.*, and *vice versa*.

A contract by which James, as trustee, and his wife agreed to make certain property of the plaintiff yield a certain percentage "beyond all contingency and above all expenses, net of taxes, insurance or water-charges or repairs," was properly constructed not to mean that said James, trustee, and his wife should be responsible for such percentage over and above salaries of the officers of the corporation, its printing and stationery bills, etc., and such an improvement as the laying of an asphalt floor in basement rooms of such property, in addition to taxes, insurance, water-charges and ordinary repairs; and said contract was properly held to cover the commissions of rental agents for the property, as a charge to be met and deducted from the rents of the same before the application of said rents toward making up the guaranteed percentage.

October 22, 1888.

Contracts. Construction. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1888.

Reported in the decision.

H. D. McDANIEL, MILLEDGE & BLALOCK, and HOKE & BURTON SMITH, for plaintiff.

N. J. & T. A. HAMMOND, for defendants.

BLANDFORD, Justice.

John H. James failed for a large sum of money, and made an assignment. In the assignment he omitted to mention certain property, known as the "Central Bank Block." The creditors organized themselves into an association and became incorporated, and afterwards filed a bill against James and his wife, claiming that this property, which was claimed by the wife, should go to them. That suit was settled amicably and a decree had, and an agreement was entered into, a part of which was as follows :

"The said party of the second part (the Central Bank Block Association) agrees and undertakes to use ordinary and reasonable diligence to make the said real estate constituting its capital profitable for the payment of a fair and just net income to the said party of the second part; and the said parties of the first part (John H. James, as said trustee, and Mrs. Susan C. James) hereby guarantee unto the said party of the second part that, after the exercise of such diligence, the stock of said corporation issued upon said property, but in amount not to exceed $400,000, shall pay the holders thereof four per cent. per annum net interest thereon, payable semi-annually, commencing the first day of January, 1885, for and during the term of ten years, this guarantee being that said stock shall pay said interest in said manner, provided said diligence is exercised as aforesaid beyond all contingency and above all expenses, net of taxes, insurance or water-charges or repairs."

The present bill was filed by the Central Bank Block Association to enforce the decree of settlement. The

complainants contended that certain improvements made upon the property ought to have been paid for by the defendants, such as laying an asphalt floor, etc.; they also contended that the defendants ought to pay the salaries of the officers of the corporation, a president, secretary, treasurer and directors, for the office sign of the corporation, for printing, advertising and stationery bills, and for rental agents' commissions. The court below refused to make the defendants pay any of these charges, except commissions of rental agents. The complainants excepted, and the defendants filed a cross-bill of exceptions, the latter assigning as error the ruling that they were liable for rental agents' commissions.

We think the court below was right in its ruling. By the terms of the contract, Mrs. James was only bound to make the rents of the property net four per cent.; and the words used in the contract, " net of taxes, insurance or water-charges or repairs," mean that she is not to pay anything else. Counsel for the defendant in error adopted the right rule, but applied it at the wrong end. She is bound to pay all the expenses of keeping up the property and renting it out, and in addition, is bound to pay taxes, insurance, water-charges and repairs. These words are a limitation as to what she would be bound to pay for over and above the necessary expenses. I do not think she was bound to pay for repairs until these words were put in. We do not see what Mrs. James had to do with the expenses of the corporation. The corporation must keep up itself. If its members desire to pay a number of officers and directors, keep an office, advertise meetings, etc., let them pay for it. Mrs. James only agreed to pay the expenses of the property. These salaries, etc. could be swelled to any amount the members of the corporation might see fit; and they might as well require Mrs. James

to pay for wine and cigars and an occasional dinner for the officers, as to require her to pay for expenses of this character. Upon the whole, we think the court below was right; and the judgment is affirmed.