## KIRKLAND *v.* PITMAN *et al.*

1. Even though twelve months use will not give a perfect prescriptive title to a private way, the owner of the land through which the road runs can not obstruct the same without first giving the common users thirty days written notice of his intention so to do.
2. Those who use a private way must keep the same in repair, and can not take advantage of their own default by turning out to avoid obstructions which they should have removed.
3. Where a private way of the general width of fifteen feet, but with a few wider places, is laid out by the owner of the land, and the same is used for the statutory period, the existence of the wider places will not defeat the rights of the users of the way.
4. The duty to repair continues ; but where prescription to a private way has ripened, title is divested by abandonment, though not by neglect.
5. There was no demurrer that the petition failed to allege that the land was improved; and the evidence showed that the way was not only laid out by the owner, but that in some portions it ran through "fields."
6. The description of the road would not have been sufficient had this been a proceeding to lay out and establish, but it was sufficient to identify an existing way across which an obstruction had been placed.
7. In view of the failure to give the notice of an intention to obstruct, and considering the conflict in the evidence, the court did not err in refusing to sustain the certiorari to the judgment of the ordinary requiring the obstructions to be removed.

Submitted January 30, — Decided March 4, 1904.

Certiorari.　Before　Judge　Parker.　Camden　superior　court. March 22, 1904.

Pitman and other residents .of Camden county instituted a proceeding before the ordinary to remove obstructions from a private road about one mile long, extending„ from Honey Creek bluff to Spring bluff public road.　The petition alleges, that this private way was given to the public by Dr. Alexander Atkinson, about 1889, and that it has recently been obstructed by J. J. Kirkland erecting a fence across the private way ; that the private way has been in use continuously and uninterruptedly for seven years or more, and no legal steps have been taken to prevent the enjoyment of the same; that the way leads to the only bluff or place of landing conveniently close to the residences of petitioners; and that petitioners and about two hundred other residents of the county are injured by the obstruction.　The defendant demurred on the grounds, that the petition set out no cause of action; that there was a misjoinder of parties; that the way was not sufficiently described; that the petition failed to sufficiently show the injury; and that the references to the public landing were immaterial and irrelevant.　There was no written order to that effect, but it is recited in the petition for certiorari that the demurrer was orally overruled.　The defendant answered and denied all the allegations in the petition.　After hearing evidence the ordinary found that the private way had been in continuous and uninterrupted use of petitioners for more than seven years ; and directed that the obstruction should be removed within 48 hours, and that in default of the removal a warrant should issue for the removal as prescribed by law.　The defendant thereupon presented his petition for certiorari, setting out the evidence.　From the answer to the writ it appears that the evidence before the ordinary was conflicting.　That for the petitioners established the existence of the road; that it had been in uninterrupted use since 1895, and for some time prior thereto; that the width of the road is about 15 feet; that it would not average 15 feet wide ; that it is just a common road, and the bushes and palmetto have never been cut down for more than 15 feet, to the knowledge of one of the witnesses who frequently used the same; that it led to a bluff or landing which was most convenient to the petitioners ; that there were other landings at a distance therefrom, and that in

order for petitioners to reach Brunswick by going to these would involve travel of at least 20 miles additional.    A part of the private road was in good condition, a part of it bad, and a part of it needed working.    The then owner stated, in 1895, to a witness who was talking of buying the land, that he had given the road in dispute and the landing to the public.    The public has kept it cleared out in using it.    Another witness for the plaintiffs testified, that he helped cut out the road and helped keep it in repair; that the road in dispute had been in use for ten years; that he had helped work the road several times; and that it was in a pretty bad condition, but what made it so was that the defendant had hauled heavy timbers over it.    The damage done by the timber carts was never repaired.    Another witness testified that he knew the road had been worked, for he superintended it.

The testimony of the defendant tended to show, that the road was an old private road kept up by the owner of the place.    He did not know when it was first used.    He has lived at his present place since 1892.    He bought the land through which the road runs in 1901.    In some places in the open field it is as much as thirty or forty feet wide.    It has not been in constant use as long as seven years.    There was nothing like constant use of it until after the tidal wave in 1898.    He would say it has been used off and on for seven years, but it has not been in constant and uninterrupted use for seven years.    The defendant never gave written notice to any one that he was going to close the road up, but posted written notice at the landing and on trees on the road about sixty days before he closed it up.    These notices were torn down.    The former owner of the land testified that he told the people that as long as he had any right to the property they might use the road.    In selling to Kirkland he made no reservation or mention of the road.    It appeared that the defendant owned another landing, and, when he obstructed this private road, agreed to allow the public to use such other landing; that it was as convenient as the one reached by the private road in controversy; that by one landing the route was longer by land and shorter by water, and by the other the route was shorter by water and longer by land; and that the hauling which damaged the road was not by the defendant, but by the purchaser of the timber.    The errors assigned in the petition for certiorari were, in

overruling the demurrer, and in ordering that the obstruction be removed; because the evidence failed to show that the way had been in constant and uninterrupted use for seven years, because the evidence failed to show that the private way had been kept in repair by the parties using the same, because it appeared affirmatively that it had been closed seven days before the proceedings were instituted, because it affirmatively appeared that the parties had never been substantially injured, and because the evidence showed that the way was a mere permissive use or license. The judge of the superior court overruled the certiorari, and the defendant excepted.

*R. D. Meader*, for plaintiff in error. *Max Isaac*, contra.

LAMAR, J. (After stating the foregoing facts.) 1. Possession must be adverse in order to form the basis for prescription. A notable exception exists, however, in the case of private ways. The use may originate in permission, and yet may ripen by prescription. *Everedge* v. *Alexander*, 75 *Ga.* 859 (4); Pol. Code, § 678. When a way once begins to be traveled by the people of a neighborhood, they adjust themselves thereto. Land is bought, farms are opened, and houses are built on the faith that such property can be reached over the existing road. The longer the owner remains inactive the greater will be the inconvenience. The code therefore requires him to act promptly. It recognizes that those who travel over the route may acquire an inchoate right before they secure a perfect title. So that even incomplete and partial prescription will prevent the owner from obstructing a private way which has been used for twelve months, unless he first gives thirty days notice of his intention in writing to the users. There was no evidence of such notice having been given in this case. For that reason the court did not err in overruling the certiorari, which complained of the judgment requiring the obstruction to be removed. *Powell* v. *Amoss*, 85 *Ga.* 273; Pol. Code, § 673.

2, 3. The Political Code, § 662, defines the width of a private way which could be laid out by the ordinary and title acquired by condemnation. The act of 1872 (Pol. Code, § 678) related to ways title to which was acquired by seven years use. As an original question, much might be said in favor of the proposition that

prescription gave title to whatever was used for seven years.    But while the act of 1872 is silent as to the width of the way, or as to any conditions upon which it is to be acquired except that of seven years use, yet it has been held that it is not to exceed fifteen feet in width; and it has also been held that in order to acquire full prescriptive title to a private way, those using it must keep it in repair.    They can not take advantage of their own default, and acquire a right to a greater width by turning out to avoid an obstacle which they themselves should have removed.    But where those parts of the road which exceed the fifteen feet existed when the owner of the land laid out the way, the case is not within the principle of those decisions, which were intended to prevent encroachment upon the adjoining land.    The permissive use does not prevent the acquisition of the prescriptive title, and the fact that the few wide places were used with the consent of the landowner does not destroy its character as a private way.    Whether, therefore, the ordinary has concurrent jurisdiction of the removal of obstructions from "roads" as declared in the Civil Code, § 4239 (*Holmes* v. *Jones,* 80 *Ga.* 659; *Duggan* v. *Cox,* 78 *Ga.* 160), or whether it is limited to "private ways" (*Brown* v. *Marshall,* 63 *Ga* 657, 659), the road here was of such a character as to authorize the removal of the obstructions in the manner defined in the Political Code, § 679.    There is nothing to show that these few wide places were the result of encroachments by those who passed over the route.    It does not appear when they were made, and it does appear that the owner consented that the existing private way might be used by the neighborhood.    There was also evidence that the bushes and palmetto have never been cut down for more than fifteen feet.

4. Whether the road was kept in repair was a matter about which the evidence was in conflict.    The testimony of some of the witnesses for the petitioners was to the effect that they had worked it, and that the defect in the way was due to heavy hauling of timber by the defendant.    On the other hand the testimony in his behalf went to show that the timber was not hauled by him, but by a member of the public who had purchased the lumber and was hauling it over this private road.    The record is silent as to the date of these defects, and the statute is silent as to what would be the effect of a failure to keep the way in repair

after a prescriptive title had been acquired by seven years use. The duty to repair, no doubt, continues; but on principle it would seem that when the title vested, it could not be divested by neglect, but only by abandonment. Civil Code, §§ 3068, 3591. There is evidence that the road had been worked by those who used it. There is a conflict as to the length of time it had been in use, but evidence to warrant a finding that it had been used much longer than seven years. While the date when it became out of repair is not given, from the general drift of the testimony it would seem to have been caused by recent hauling.

5. On the authority of the Civil Code, § 3065, and *Watkins* v. *Country Club*, 120 *Ga.* 45, the plaintiff in error insists that the petition should have averred and the evidence should have established that the land through which the road ran was improved. In that case there was a special demurrer. In this case the demurrer did not raise the question. Indeed the petition on its face showed that the way had been given by the landowner, and from the evidence it further appeared that at least a part of the road ran through fields, the effect of which would be to show that even the adjoining woodland could not be treated as wild land. Compare *Southern Bank* v. *Wilcox*, 119 *Ga.* 519.

6. The description of the road in the petition would not have been sufficient if this had been a proceeding to lay out or to establish a new way; but it was sufficient to identify one existing and obstructed. There was no error in overruling the demurrer.

7. In view of the failure to give the written notice, and the other facts as they appear in the record, and considering the conflict in the testimony, we can not say that the court erred in refusing to sustain the certiorari; and the judgment is

*Affirmed. All the Justices concur.*