### LOUISVILLE & NASHVILLE RAILROAD Co. *et al.* v. PEEPLES.

ATKINSON, J. 1. In a suit against a railroad company and an individual alleged to be the section boss of the company, for recovery of damages alleged to have been sustained by reason of injury to the plaintiff's horse through the acts of the section boss, who was alleged to be the agent and servant of the railroad company and acting within the scope of his employment, in negligently driving the horse over a stock-gap, which he knew to be a dangerous place for such purpose, thereby causing the injury complained of, the petition which contained such allegations was not subject to general demurrer.

2. The petition alleging specially that the section boss so alleged to be the agent of the railroad company carelessly ran the horse upon and into the stock-gap on the line of railway of the defendant, while in the discharge and performance of his duty as such agent, and further that the defendant was negligent in employing "such a reckless and careless servant, . . and in having the said stock-gap in a damaged condi-

tion, the defect being that it was not such as is built to keep stock from going on the same, but was flat and loose," was not subject to special demurrer on the ground that it failed to allege how the agent negligently and carelessly ran the horse upon the stock-gap, or how he was then in the discharge and performance of his duty, nor upon the ground that it did not appear how the railroad company was negligent in employing such a reckless and careless servant, or how or wherein the servant was reckless and careless, nor upon the ground that it did not appear specifically how or wherein the stock-gap was defective.

3. The instructions of the court upon the credibility of witnesses, though inaccurate, were not subject to the criticism that the judge invaded the province of the jury.

4. There was no evidence tending to show the duties of the section boss further than that he was a section boss, and that he was then engaged in walking the track. This evidence was insufficient to authorize a finding that the section boss was acting within the scope of his authority when he drove the horse over the stock-gap; and accordingly it was erroneous to charge that "the defendant company had the right to drive the horse out of the enclosure for its own protection, if it was on the line of the track or enclosure; . . and if the defendant Higgins, acting as an agent and employee of the defendant company, drove the horse across the stock-gap, and it was apparently dangerous, and he knew it was so, when he might have reasonably put it out in another way, then I leave you to say whether or not he was exercising all ordinary and reasonable care and diligence, and if so, then the company nor he would be liable; but if he was not exercising all ordinary and reasonable care and diligence, then they would be liable."

5. There being no evidence, other than as above indicated, that the section boss in driving the horse across the stock-gap was acting within the scope of his employment, there was not sufficient evidence to authorize a verdict against the railroad company.

6. The testimony of defendant Higgins (the section boss) was to the effect that he knew that it was dangerous to drive a horse across the stock-gap, and with such knowledge did it, and the horse was injured thereby. There was also evidence to authorize a finding that the horse died from the injury sustained. Under this and other evidence as to the value of the horse, the evidence authorized the verdict against this defendant; and as the court did not err in overruling his demurrer to the petition, and the instructions of the court complained of were not erroneous, relatively to him, for any reason assigned, the court did not abuse its discretion in refusing to grant a new trial as to him.

*Judgment reversed as to the railroad company, and affirmed as to Higgins. All the Justices concur.*

JUNE 17, 1911.

Action for damages. Before Judge Fite. Murray superior court. May 21, 1910.

*D. W. Blair* and *C. N. King,* for plaintiffs in error.