## HOLLOWAY *v.* BIRDSONG.

Where by a petition to the ordinary a party complains of obstructions to a private way and seeks to have them removed, the petition should show that the way is such a way as is contemplated in §§ 808, 824, and 825 of the Civil Code of 1910; otherwise, the petition is demurrable on the ground that the ordinary has no jurisdiction of the proceeding.

JANUARY 22, 1913.

Certiorari. Before Judge Felton. Bibb superior court. January 9, 1912.

*C. H. Hall Jr.*, for plaintiff.

BECK, J. Mrs. Rosa E. Holloway filed with the ordinary of Bibb county her petition against Mrs. M. Birdsong and J. E. Wilson, to remove certain obstructions from a private way. She alleged, that she was the owner of certain improved real estate in the City of Macon; that appurtenant to this property so owned

by her there was a twenty-foot private way, and also another private way leading from the twenty-foot private way; that for seven years or more before the filing of her petition she had been in continuous, constant, and uninterrupted possession and use of these private ways, and that during this time no legal steps had been taken to abolish them; that Mrs. Birdsong and Wilson had obstructed these private ways. Mrs. Birdsong filed a demurrer to the petition, questioning the jurisdiction of the "court of ordinary" to try the issues, which was sustained. A petition for a writ of certiorari being sued out by the plaintiff, the judge of the superior court overruled and denied the same.

The act of 1872, codified in §§ 824, 825, 826, and 827 of the Civil Code, giving the ordinary jurisdiction to try summarily the question of removing obstructions to private ways, is confined to cases of private ways which arise by prescriptive right acquired by seven years or longer, of possession or user of the same. *Brown* v. *Marshall*, 63 *Ga.* 657. In the present case the plaintiff is endeavoring to have obstructions removed from an alleged private way, under the provision of that part of the act of 1872 which is codified in § 825 of the Code. In order to give the ordinary jurisdiction of proceedings under the code section last referred to, the petition should have shown that the alleged private way from which it was sought to remove the obstruction complained of was not over fifteen feet in width, as well as the fact that it had been kept open and in repair for the period prescribed in the statute. This the petition failed to do, and the absence of this necessary averment from the petition left the petition open to a demurrer on the ground that jurisdiction to hear the complaint was wanting. *Woolbright* v. *Cureton,* 76 *Ga.* 107; *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860). There is nothing in the case of *Kirkland* v. *Pitman,* 122 *Ga.* 256 (50 S. E. 117), which modifies the rulings made in the other cases cited on the point under consideration. It follows that the ordinary did not err in dismissing the petition on demurrer, and that the writ of certiorari was properly refused by the judge of the superior court.

*Judgment affirmed. All the Justices concur.*