### 8741.  BROWN *et al. v.* STATHAM *et al.*

1. The evidence in this case failing to show affirmatively that the way in controversy did not exceed fifteen feet in width, and that it had been kept open and in repair for a period of seven years, the judgment overruling the certiorari is reversed.
2. Assignments of error not insisted upon by counsel for the plaintiffs in error will be treated as abandoned.

                         DECIDED OCTOBER 31, 1917.

Certiorari; from Wilcox superior court—Judge Crum.    March 30, 1917.

*Hal Lawson,* for plaintiffs in error.

*D. B. Nicholson, D. B. Nicholson Jr.,* contra.

HARWELL, J.   N. A. Statham and others applied to the ordinary of Wilcox county for an order directing George Brown and others to show cause why they should not remove certain obstructions placed by them in a private way, to the use of which the plaintiffs alleged they had a prescriptive right.   At the hearing the ordinary passed an order directing Brown and Maddox to remove the obstructions complained of in the petition, or to place suitable gates for the use of the public wherever the said way should cross this land.   Brown and others sued out a writ of certiorari, complaining that the judgment was erroneous, for the reasons: (1) that the commissioners of roads and revenues of Wilcox county were the proper officers to try the case; (2) that George Brown, the real defendant, resided in Dodge county, and the jurisdiction was in that county; and (3) upon the general grounds that the judgment was contrary to law and without evidence to support it.   The judge of the superior court overruled the certiorari, and the defendants excepted.

The first two assignments of error—that the commissioners of roads and revenues of Wilcox county were the proper officers to try the case, and that the case should have been brought in Dodge county—have been abandoned by the plaintiffs in error, and for that reason need not be considered by this court.

In cases of removal of obstructions from a private way, alleged to have been acquired by prescription, it is well recognized that two of the essential allegations are that the private way is not over fifteen feet in width, and that it has been kept open and in repair for a period of seven years or longer.   Political Code of 1910, § 808; *N., C. & St. L. Ry.* v. *Coats,* 133 *Ga.* 820, 821 (66 S. E.

1085), and cases there cited. We have carefully examined the evidence submitted at the hearing before the ordinary, and we fail to find any evidence which establishes the fact that the way in controversy did not exceed fifteen feet in width. One of the witnesses for the plaintiffs testified: "I could not say whether or not the road was as much as sixteen feet wide; it is a settlement road." Other witnesses for the defendants testified that at some points it was as much as twenty-five feet in width. The testimony of the plaintiffs further failed to show affirmatively that the road had been kept open and in repair for a period of seven years. Statham, one of the plaintiffs, testified in their behalf as follows: "This road . . needs no work to make it passable now. I have cut a tree top or two out of it. . . I have cut out two trees on this road since I've been there. I took a log out the first of last year and took a top out year before last. I had to cut the top out but the log broke up when it fell and I pulled it out. I have not worked the road unless this is working it, nor has anybody else worked it that I know of. Working this road would help it, but it is passable now." Futch, sworn for the plaintiffs, testified: "I have never worked this road, and it has never needed any work since I have been there, or we would have worked it; and it has been so that we could pass over it ever since I have been there." Bush, sworn for the plaintiffs, testified: "I remember some trees falling in the road at different times and remember they were removed but not by myself. . . The road is rough; it is passable now and has always been; is a reasonable road." The testimony of the foregoing witnesses is the only evidence offered by the plaintiffs for the purpose of showing that the alleged private way had been kept in repair for seven years. The uncontradicted testimony offered by the defendants showed that the road was allowed to be out of repair, and the testimony fails to show any work done on it by the plaintiffs further than the removing of brush and trees therefrom. The testimony of other witnesses shows that plaintiffs went around any obstruction in the road, instead of repairing the road. In *Short* v. *Walton,* 61 *Ga.* 28, it is said: "To acquire a prescriptive right to a private way over land, it is necessary to show the .uninterrupted use of a permanent way, not over fifteen feet wide, kept open and in repair for seven years. It is not sufficient to show that those claiming the prescription have been ac-

customed for more than seven years to pass over the land, changing the way as they saw fit, to avoid obstructions or for convenience." In *Aaron* v. *Gunnels, 68. Ga.* 528, it was held that pulling out of the way any brush or other thing happening to fall on the way does not constitute keeping the same in repair. In *Collier* v. *Farr,* 81 *Ga.* 753 (7 S. E. 862), the court said: "It would not do to hold that whenever a gully washes across one of these roads, or whenever a limb or tree falls across it, people using the road can let the obstruction remain, and appropriate more land for their convenience by going around the obstruction. In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair." In the opinion of this court the evidence in this record fails to show that the way in controversy had been kept open and in repair. For the reasons stated herein, it is held that the judge of the superior court erred in overruling the certiorari, and the judgment is therefore

*Reversed. Broyles, P. J., and Bloodworth, J., concur.*