26960. SCARBORO *v.* EDENFIELD *et al.*

SUTTON, J. 1. In a proceeding before the ordinary under the Code, § 83-119, for removal of an obstruction from a private way, a prescriptive right to use which the applicant claims to have acquired under § 85-1401, it is necessary, in order to sustain such application, to show not only that he has been in uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same number of feet originally appropriated, but that he has kept it open and in repair during such period. *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860); *Nashville Chattanooga & St. Louis Ry.* v. *Coats,* 133 *Ga.* 820 (66 S. E. 1085); *Johnson* v. *Sams,* 136 *Ga.* 448 (2) (71 S. E. 891); *Rogers* v. *Wilson,* 171 *Ga.* 803 (4) (156 S. E. 817); *Elliott* v. *Adams,* 173 *Ga.* 312 (4) (160 S. E. 336).

2. In the present case the ordinary was authorized to find, under the law and the evidence, that the applicants had acquired a prescriptive right to use the road on which an obstruction, a fence, had been erected by the defendant; and the judge of the superior court did not err in overruling the certiorari brought by the defendant, and affirming the judgment of the ordinary ordering the removal of the obstruction.

3. While the evidence showed that some detours were made from the original road, there was testimony that at all times the original road was nevertheless passable and was used, and that it was kept in a reasonable state of repair as a country road. The action, properly construed, was not one claiming a right to use an area which would include land involved in the detours, but only the original road not exceeding fifteen feet in width. Hence *Follendore* v. *Thomas,* 93 *Ga.* 300 (20 S. E. 329), cited by the plaintiff in error, to the effect that "the law does not contemplate the establishment of a private way over another's ground by prescription, which shifts from one place to another as to any part of the route, but intends that the same ground shall be occupied all the while" has no application.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., dissents.*
DECIDED OCTOBER 1, 1938. REHEARING DENIED NOVEMBER 3, 1938.

620

*G. H. Williams, Felix C. Williams,* for plaintiff in error.
*I. W. Rountree,* contra.