### 29802. THOMAS v. BURNUM.

BROYLES, C. J. 1. In a suit for removal of obstructions from an alleged private way, alleged to have been acquired by prescription, the petition sets out no cause of action unless it avers that the petitioner has been in the uninterrupted use of said way for seven years or more, that the way does not exceed fifteen feet in width, that it is the same fifteen feet originally appropriated, *and that petitioner has kept the way open and in repair for a period of seven years or more. Holloway* v. *Birdsong,* 139 *Ga.* 316 (77 S. E. 146); *Johnson* v. *Sams,* 136 *Ga.* 448 (2) (71 S. E. 891); *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303); *Brown* v. *Statham,* 21 *Ga. App.* 101 (94 S. E. 273).

2. In this case the petition as amended failed to allege affirmatively that the petitioner had kept the private way in question open and in repair *for a period of seven years or longer.* Therefore the ordinary erred in overruling the pertinent demurrer attacking the petition on the ground of such failure (*Holloway* v. *Birdsong,* supra); and that error rendered the further proceedings before the ordinary nugatory. It follows that the overruling of the certiorari by the judge of the superior court was error. *Judgment reversed. MacIntyre and Gardner, JJ., concur.*

DECIDED MARCH 9, 1943.

38

*S. P. Cain,* for plaintiff.
*A. B. Conger, Roy Arthur Bell,* for defendant.