30672. BURNUM v. THOMAS.

DECIDED OCTOBER 27, 1944.

*Ira Carlisle, R. A. Bell,* for.plaintiff in error.   *S. P. Cain,* contra.

SUTTON, P. J.   This was a proceeding to remove an obstruction from a private way, the right to which was alleged to have been acquired by prescription, based on constant and uninterrupted use thereof over improved lands for a period of more than seven years. When the case was here before it was held that the petition failed to set out a cause of action, in that it was not affirmatively alleged therein that the petitioner had kept the private way open and in repair for a period of seven years or longer, and the judgment of the lower court was reversed. *Thomas* v. *Burnum,* 69 *Ga. App.* 37 (24 S. E. 2d, 812).   The plaintiff then amended the petition by alleging: "Petitioner shows that said private way above described has been in constant and uninterrupted use over improved lands, continuously and uninterruptedly, for a period of more than seven years, immediately prior to placing of the obstruction thereon by the defendant as described in paragraph 5 of the petition; that during said period of time no legal steps have been taken to abolish the same; and that during said period of time the said private way was and has been kept open and in repair by plaintiff; that said private way does not exceed fifteen feet in width, and is traveled by petitioner and the public generally."   The defendant in his answer denied that the plaintiff had acquired a prescriptive right to the use of the road in question.

On the trial, after both parties had introduced evidence tending to sustain their respective contentions, the ordinary ordered the obstruction removed from the alleged private way.   The defendant sued out a certiorari to review that judgment and assigned error therein on the grounds, among others, that the evidence failed to show any right in the plaintiff to have the obstruction removed; that the evidence showed that the plaintiff began using the road and making repairs thereon by permission of G. F. Lodge, the landowner, and that at no time during Lodge's lifetime and while his heirs were in possession of the land, up to

about 1938, did the plaintiff use or repair said road under any claim of right, but at all times used and repaired it by permission of the owner; that the evidence failed to show any adverse claim to the road by the plaintiff; and failed to show that the plaintiff had acquired a prescriptive title to the alleged road.

The judge of the superior court ordered that the case be remanded to the ordinary "with direction that said issue be retried, and if the evidence shows that the repairs on said road were with the permission of the landowner, a finding be made in favor of the defendant." The plaintiff excepted.

■ The first grant of a new trial on certiorari will not be disturbed by this court, where the judgment excepted to was not demanded by the evidence. *McWhorter* v. *Stein*, 47 *Ga. App.* 838 (171 S. E. 583), and cit.; *Hurt* v. *Stewart*, 49 *Ga. App.* 251 (174 S. E. 924). There was some material conflict in the evidence in the present case, and the judgment rendered by the ordinary was not demanded.

■ The Code, § 85-1401, provides: "The right of private way over another's land may arise from express grant; or from prescription by seven years' uninterrupted use through improved lands, or twenty years' use over wild lands." § 83-112 is as follows: "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for anyone to interfere with said private way." The plaintiff's right to the private way in question was based on prescription by seven years' uninterrupted use thereof through improved lands, and the proceeding to remove the obstruction was brought under the Code, § 83-119. In order to sustain such a proceeding it is necessary for the applicant to show that he has been in uninterrupted use of the way for seven years or more, that it does not exceed fifteen feet in width, that it is the same number of feet originally appropriated, and that he has kept it open and in repair during such period. *Scarboro* v. *Edenfield*, 58 *Ga. App.* 619 (199 S. E. 325); *Massee-Felton Lumber Co.* v. *Weideman*, 60 *Ga. App.* 730 (5 S. E. 2d, 243); *Thomas* v. *Burnum*, supra; *Nashville, Chattanooga & St. Louis Ry.* v. *Coats*, 133 *Ga.* 820 (66 S. E. 1085); *Louisville & Nashville R. Co.* v. *Peeples*, 136 *Ga.* 448 (2) (71 S. E. 805); *Rogers* v. *Wilson*, 171 *Ga.* 802 (4) (156 S. E. 817).

■ The plaintiff in error contends that the judge of the superior court erred in remanding the case with direction that the said "issue be retried, and if the evidence shows that the repairs on said road were with the permission of the landowner, a finding be made in favor of the defendant." Under the evidence, the plaintiff's right to the use of the road in question originated by permission of the landowner; and the defendant in error contends that the continued use of the road by the plaintiff and the repairs made thereon by him were by permission of the landowner, and, consequently, no prescriptive right or title to the road was ever acquired by the plaintiff. In *Kirkland* v. *Pitman,* 122 *Ga.* 256, 259 (50 S. E. 117), it was said: "Possession must be adverse in order to form the basis for prescription. A notable exception exists, however, in the case of private ways. The use may originate in permission, and yet may ripen by prescription." It was held in *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303): "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber," and in the body of the opinion in that case the court said: "The essence of the right claimed by the plaintiff to the use of the driveway is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe. The gist of the requirement as to repairs is not so much the repairs as the notice which is given by the repairs;" and in *Collier* v. *Farr,* 81 *Ga.* 753 (7 S. E. 860), it was said: "In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it." It appears from the evidence in this case that the plaintiff testified: "That as long as the lands were owned by Mr. Lodge it was perfectly all right as between him and Mr. Lodge for him to go across the lands and to use and work the road," and "that as long as the lands were in the possession of the Lodge heirs it was perfectly agreeable with them for him to use the road." It is not quite clear just what the plaintiff meant by

694

this testimony. It is contended by the plaintiff in error that what he meant, and the proper construction to be placed on his testimony is, that Mr. Lodge and his heirs interposed no objection to the use of the road by the plaintiff and to his making repairs thereon. If in point of fact the plaintiff meant by such testimony that the landowner was merely passive and made no objection to his use of and repairing the road, then such use and repairs thereon would be the proper basis for obtaining a prescriptive right to the road. But if, on the other hand, the use of and the repairs made on the road by the plaintiff were by permission of the landowner, as was his first right to use it, then, in such circumstances the plaintiff would not acquire a prescriptive right or title to the road in question. The effect of the direction given by the judge in remanding the case for retrial before the ordinary amounts to no more than the principles of law just enunciated. A proper application of these principles should be made by the ordinary after he hears the evidence on another·trial of the case. Accordingly, the judgment under consideration is

Affirmed. Felton and Parker, JJ., concur.