HARDIN *et al. v.* SNOW.

DUCKWORTH, Justice. 1. "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for anyone to interfere with said private way." Code, § 83-112.

2. Though the statute just quoted is silent as to the necessity for keeping open and in repair such private way, it has been held by this court many times that these are essential requirements. *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860); *Follendore* v. *Thomas*, 93 *Ga.* 300 (20 S. E. 329); *Buchanan* v. *Parks*, 111 *Ga.* 873 (36 S. E. 947); *Dodson* v. *Evans*, 151 *Ga.* 435 (107 S. E. 59). The requirement as to repair does not mean, however, that it is incumbent upon the prescriber to make repairs where none is needed. The requirement is limited to the making of such repairs as become necessary in order to make such way usable.

3. To place an obstruction across such private way sufficient to prevent its use would constitute a nuisance, and the threatened obstruction may be prevented by injunction in equity. *Spires* v. *Wright*, 147 *Ga.* 633 (95 S. E. 232); *Dodson* v. *Evans*, supra. A different case might be presented if the obstruction had already been placed across the private way, since the law provides a legal remedy for its removal.

4. On application of the foregoing principles of law to the assignments of error here, it must be held that the trial court did not err in overruling the general demurrer to the petition, which alleged that the defendants were threatening to obstruct a private way, not more than fifteen feet in width, which had been kept open and in repair and in constant use by the petitioner for more than seven years.

5. Nor did the trial court err in overruling the motion for new trial based upon the general grounds filed by the defendants, where the evidence upon the trial proved the material allegations of the petition.

*Judgment affirmed. All the Justices concur.*

No. 15512. JULY 3, 1946.

*Lanham & Parker,* for plaintiffs in error.
*Graham Wright,* contra.