31331.  WILSON *et al. v.* SMITH.

DECIDED SEPTEMBER 21, 1946.

252

[black redaction bars]

*Bennet & Kilpatrick,* for plaintiffs in error.

*Wallace E. Harrell,* contra.

FELTON, J. The defendant in error contends that where the use of a private way does not originate by permission of the owner, mere use for seven years will suffice and that it is not necessary to prove that the applicant has kept the way open and in repair for seven years. We have examined every case we could find on the subject and we have been unable to find any support for the contention of defendant in error. As we understand the decisions, whether the use of the way originates by permission of the owner or the prescriptive right is based on mere use and tacit permission or failure to object on the part of the owner, the applicant must prove that he has kept the way open and has repaired it over a seven-year period sufficiently to put the owner on notice that the applicant claims the right to use the way adversely to the owner where he bases his claim on such notice. In this case the evidence shows only one instance of repair and that at the end of the seven-year period. It was error to require the removal of the obstruction under the pleadings and evidence. *Hall* v. *Browning,* 195 *Ga.* 423 (24 S. E. 2d, 392) ; *Johnson* v. *Sams,* 136 *Ga.* 448 (71 S. E. 891) ; *Massee-Felton Lumber Co.* v. *Weideman,* 60 *Ga. App.* 730 (5 S. E. 2d, 243) ; *Scarboro* v. *Edenfield,* 58 *Ga. App.* 619 (199 S. E. 325) ; *Burnum* v. *Thomas,* 71 *Ga. App.* 690 (31 S. E. 2d, 925) ; *Rogers* v. *Wilson,* 171 *Ga.* 802 (156 S. E. 817) ; *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303) ; *Miller* v. *Slater,* 182 *Ga.* 552 (186 S. E. 413) ; *Thomas* v. *Burnum,* 69 *Ga. App.* 37 (24 S. E. 2d, 812) ; *Kirkland* v. *Pitman,* 122 *Ga.* 256 (50 S. E. 117) ; *Nashville &c. Ry.* v. *Coats,* 133 *Ga.* 820 (66 S. E. 1085) ; *Short* v. *Walton,* 61 *Ga.* 29; *Aaron* v. *Gunnels,* 68 *Ga.* 528; *Nott* v. *Tinley,* 69 *Ga.* 766; *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860) ; *Charleston &c. Ry. Co.* v. *Fleming,* 118 *Ga.* 699 (45

S. E. 664) ; *Holloway* v. *Birdsong,* 139 *Ga.* 316 (77 S. E. 146) ; *Cook* v. *Gammon,* 93 *Ga.* 298 (20 S. E. 332). If the ruling in *Hardin* v. *Snow,* 201 *Ga.* 58 (38 S. E. 2d, 836), decided July 3, 1946, is contrary to what is here ruled, this court is bound by the older decisions of the Supreme Court. As indicated above, this was not a proceeding to remove the obstruction on the ground that the applicant had used the way for as much as one year and that the landowner had closed it without giving thirty days' written notice of his intention to do so. *Ford* v. *Waters,* 27 *Ga. App.* 83 (107 S. E. 351), and there is in this case no evidence of any claim of an adverse right other than that of the one repair.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*