## WHEELUS v. TRAMMELL.

ATKINSON, Presiding Justice. 1. In order to set up a prescriptive easement to a private way over the improved land of another by seven years' uninterrupted use thereof, it is essential, under Code §§ 83-102, 83-112, and 85-1401, for the prescriber to show that it does not exceed 15 feet in width, that it is the same width originally appropriated, and that he has kept it open and in repair during such period. However, where the use of a private way originates by permission of the owner, prescription does not begin to run until the user puts the owner upon notice, by repairs or other acts claiming the right to its use adversely to the owner, that he has changed his position from that of a licensee to that of an adverse prescriber. *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303); *Miller* v. *Slater,* 182 *Ga.* 552 (1) (186 S. E. 413); *Burnum* v. *Thomas,* 71 *Ga. App.* 690 (1, 2) (31 S. E. 2d, 925); *Wilson* v. *Smith,* 74 *Ga. App.* 251 (39 S. E. 2d, 591).

2. Under the evidence in this case, the trial judge did not err in refusing to grant a temporary injunction against the defendant for obstructing the driveway.

*Judgment affirmed. All the Justices concur.*

No. 16525. MARCH 15, 1949.

884

*Wesley G. Bailey,* for plaintiff.
*Richard T. Nesbitt,* for defendant.