1. In order to set up a prescriptive easement to a private way over the improved land of another by seven years' uninterrupted use thereof, it is essential, under Code §§ 83-102, 83-112, and 85-1401, for the prescriber to show that it does not exceed 15 feet in width, that it is the same width originally appropriated, and that he has kept it open and in repair during such period. However, where the use of a private way originates by permission of the owner, prescription does not begin to run until the user puts the owner upon notice, by repairs or other acts claiming the right to its use adversely to the owner, that he has changed his position from that of a licensee to that of an adverse prescriber. First Christian Church v. Realty Investment Co., 180 Ga. 35
(178 S.E. 303); Miller v. Slater, 182 Ga. 552 (1) (186 S.E. 413); Burnum v. Thomas, 71 Ga. App. 690 (1, 2) (31 S.E.2d 925); Wilson v. Smith, 74 Ga. App. 251 (39 S.E.2d 591).
2. Under the evidence in this case, the trial judge did not err in refusing to grant a temporary injunction against the defendant for obstructing the driveway.
Judgment affirmed. All the Justices concur.
 No. 16525. MARCH 15, 1949.
This case is brought upon an exception to the refusal to grant a temporary injunction for the obstruction of a driveway.
The parties owned and resided upon adjoining lots on Howard Street. Mrs. Mary E. Wheelus sought an injunction to prevent W. H. Trammell from obstructing the driveway. It was cemented, and ran east from the street and between the two houses and to the rear of both lots where each had a garage. Trouble developed between them over its use, and Trammell blocked it and ordered Mrs. Wheelus to cease using it. About one foot along the north side of the driveway was on the lot of Mrs. Wheelus. The balance, which was still sufficient for the use of vehicles, was on the property of Trammell.
Mrs. Wheelus alleged: "that said driveway is less than fifteen feet wide and has been used by your petitioner uninterruptedly and under a claim of right for a period of more than seven years, during which time petitioner has kept the same open and in repair at all times; and that petitioner took title from persons who had already claimed, established, and maintained the right to use, and had used and kept the same in repair for *Page 884 
more than seven years, and had kept the same open at all times."
The testimony for Mrs. Wheelus showed that they rented the house from 1941 through 1943 and purchased it about April, 1944, that there was space on the other side of the house where a driveway could be built, but that to do so would require taking down a big tree.
The only testimony that would even tend to show that Mrs. Wheelus claimed the right to use the driveway adversely to Trammell was that, prior to April, 1944, Mr. Johnson, a predecessor in title to Mr. Trammell, left his car there and it was pushed out in order for the Wheelus car to get out, and also that (at a date not stated) Mr. Wheelus had patched "small broken places on the side and right in the middle" of the driveway.
Mr. Trammell testified that he purchased his home in May, 1948, and at that time discussed the driveway with Mr. Wheelus, who admitted that it was part of Mr. Trammell's lot; that he had been using it since he had been there; that he had never caused any inconvenience to prior owners; and that he, Mr. Trammell, stated to Mr. Wheelus that, as long as there was no inconvenience to him, it would be satisfactory for Mr. Wheelus to continue using it.
J. M. Johnson, by affidavit, testified that he lived in the house now owned by Mr. Trammell from April, 1925, to June, 1947, and purchased the place in April, 1935; that during this period he permitted the occupants of the house now owned by Wheelus to use the driveway, but at no time did he grant any easement to anyone; and that at the time Mrs. Wheelus purchased her house it was definitely understood that the driveway was being used by the Wheelus family by permission only. He further stated that during the 22 years in which he owned the Trammell house no repairs or improvements were made to said driveway by anyone other than himself.