## 34041.   COLLINS *v.* THE STATE.

DECIDED MAY 20, 1952.

158

*Thomas M. Odom,* for plaintiff in error.

*Walton Usher, Solicitor-General, W. G. Neville,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ A member of the Georgia State Patrol, who arrived shortly after the collision and before the automobiles had been moved, testified as to his estimate of the speed of the defendant's automobile at the time of impact. Upon objection, the witness testified that

his estimate was "based upon the distance the vehicles were traveling, the marks on the road, the extent of the damage, and also the experience I have had in investigating accidents." The witness also based his opinion on the relative positions of and damage inflicted upon the automobiles. This being so, the court properly overruled an objection to such testimony on the ground that it was based upon an insurance report and not on the knowledge or experience of the trooper. One who has observed the speeds of automobiles may make an estimate of the speed thereof based upon such physical data. See *Rentz* v. *Collins*, 51 *Ga. App.* 782 (4) (181 S. E. 678). Special ground 1 of the amended motion for a new trial is without merit.

■ A witness for the State, who examined photographs introduced in evidence, testified that the pictures had been made by him and that the photographs offered in evidence presented a true picture of the scene represented. An objection on the ground that the pictures might have been changed in developing was therefore without merit. See *Chance* v. *State;* 156 *Ga.* 429 (5) (119 S. E. 303); *Johnson* v. *State*, 158 *Ga.* 192, 197 (123 S. E. 120). Special ground 2 is without merit.

■ Special ground 3 complains of the failure of the trial court to grant a motion for a mistrial made by counsel for the defendant, based upon alleged improper argument of the solicitor-general, as follows: "To convict a man would be showing a lesson to the general public that an offense of this type of crime would teach the public a lesson not to drive an automobile under the influence or speed up and down highways."

The restraint and correction of improper argument, and the granting of mistrials thereon, are largely matters within the discretion of the court. Code, § 81-1009; *Black & White Cab Co.* v. *Clark*, 67 *Ga. App.* 170 (12) (19 S. E. 2d, 570); *Essig* v. *Cheves*, 75 *Ga. App.* 870 (2) (44 S. E. 2d, 712). In 24 C. J. S., Criminal Law, § 1974, the following is stated: "When a court of justice awards punishment for a breach of the law the object is not vengeance; the purpose is to deter the person who has broken the law from a repetition of his act, to reform him, *and also to deter other persons from committing similar breaches of the law.*" In *Johnson* v. *State*, 72 *Ga. App.* 534 (4) (34 S. E. 2d, 555), a statement in argument by the solicitor-general as

follows, "You should make a verdict of guilty in this case because it would be a precedent and show the public you will stop automobile collisions," was regarded as a deduction from the evidence, and the denial of a motion for a mistrial based thereon was held not an abuse of the trial court's discretion. While argument of counsel should be confined to the evidence and should not appeal to the fears or prejudices of the jury, but should rest squarely upon the guilt or innocence of the accused, the remark here, although not approved, was not of such an inflammatory nature as to demand the grant of a mistrial. This ground is without merit.

■ The evidence amply authorized the verdict, and the trial court did not err in denying the motion for a new trial on the general grounds.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*