### 39393. MOORE v. McCONNELL.

DECIDED APRIL 17, 1962.

*T. J. Moore*, for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt*, contra.

FELTON, Chief Judge. 1. The plaintiff in error's first special ground was that an aerial photograph, which purported to portray the general area of the alleged private way, was improperly admitted as evidence because (1) no one testified that he had made the photograph, (2) it was not established when the picture was made, (3) it was not interpreted by an expert witness, and (4) no person testified as to why or how the photograph was made. "There is authority to the effect that photographs will not be received in evidence until they are verified or authenticated by some other evidence. There must be something aliunde to show that they are photographs of the thing in question, and are fair and truthful representations thereof, before they can be introduced in evidence." *Johnson v. State*, 158 Ga. 192, 198 (2) (123 SE 120). "Photographs are admissible in evidence when properly identified by the person who took them and who testifies that they present a true picture of the scene represented." *Collins v. State*, 86 Ga. App. 157 (2) (71 SE2d 99). Since this evidence was subject to all the defects charged, this special ground is meritorious.

2. The second special ground was that the court erred in permitting third parties to testify to their use of the way, inasmuch as prescriptive use, as claimed by the petitioner, is a personal thing which he alone could accomplish and the third parties were not shown to be petitioner's agents. This ground is likewise meritorious.

3. The third special ground, which assigned error on the court's charging the jury on *Code* § 83-114, is also meritorious. "An applicant for the removal of an obstruction from a private way may base his right to relief upon both Code sections [§§ 83-119 and 83-114]." *Johnson v. Williams*, 138 Ga. 853 (2a) (76 SE 380); *Hall v. Browning*, 195 Ga. 423, 425 (1) (24

SE2d 392). The petition in this case alleged facts which set out causes of action on both sections, and there was sufficient evidence to authorize a verdict based on the closing of the way after a year's user without having given the thirty days' written notice required by *Code* § 83-114. However, the stipulation by the counsel for both parties as to the form of the verdict, i. e., "We, the jury, find that the road should be kept open [or closed]," precluded a finding based on *Code* § 83-114, since the right to have the way made permanent under this section is conditional upon proceedings before the ordinary after the required notice is given. The judgment of the ordinary could have been attacked on the ground that it did not "show upon which claim of the applicant it rests" (*Johnson v. Williams,* supra, (2a)), and the petitioner might have been forced by a timely demurrer to show distinctly by proper averments whether his application was based upon a prescriptive right of way or upon the rights of a user for as much as one year. *Grizzard v. Broom,* 136 Ga. 297 (71 SE 430). Since the stipulated finding waived these objections, however, it was error to charge *Code* § 83-114.

4. Special ground numbered 4 complains of the court's omission of the phrase "in constant and uninterrupted use for seven years or more" in its charge on *Code* § 83-112. This omission was not harmful since the jury was instructed in five other places in the charge that seven years of uninterrupted use were necessary for the establishment of the petitioner's prescriptive right.

5. Special ground numbered 5 complains of the court's failure to charge a specified instruction as to the elements which the petitioner must show to sustain his application for removal of obstructions from an alleged private way as a prescriber. This ground is without merit, as substantially the same instruction, although worded slightly differently, was given in the charge.

6. Special ground numbered 6 correctly contends that the petitioner failed to carry the burden of proof of open, notorious, uninterrupted use of the same identical ten or twelve feet width of road for seven years or more. By the petitioner's admission it was shown that the defendant had placed obstructions in the

alleged private way a year and a half prior to the petitioner's filing of his application to remove them, and that this had been only about five and one-half years from the date of the petitioner's acquisition of his land. Although the petition alleged that the petitioner and his predecessors in title had kept the alleged private way in repair for more than seven years, the evidence did not show that they had at any time made any repairs thereto, and the courts of this State have interpreted the phrase "kept open and in repair" in *Code* § 83-102 to mean that "whether the use of the way originates by permission of the owner or the prescriptive right is based on mere use and tacit permission or failure to object on the part of the owner, the application must prove that he has kept the way open and has repaired it over a seven-year period sufficiently to put the owner on notice that the applicant claims the right to use the way adversely to the owner where he bases his claim on such notice." *Wilson v. Smith,* 74 Ga. App. 251, 252 (39 SE2d 591) and cases cited. The Court of Appeals held in the *Wilson* case, supra, that it was bound by the older decisions of the Supreme Court prior to the apparently contrary ruling in *Hardin v. Snow,* 201 Ga. 58 (38 SE2d 836) to the effect that the requirement as to repair is limited to the making of such repairs as become necessary in order to make the way usable. The subsequent decisions of the Supreme Court on this subject seem to repudiate the *Hardin* case ruling and follow the interpretation as enunciated in the *Wilson* case. See *Wheelus v. Trammell,* 204 Ga. 883 (1) (52 SE2d 471) and *Maddox v. Willis,* 205 Ga. 596 (1a) (54 SE2d 632).

7. Special ground numbered 7 contends that the petitioner failed to carry the burden of proof that the alleged private way was connected to his property in that the evidence showed that both ends of the way were situated on the defendant's land. This ground has no merit. The way was alleged to be connected to the petitioner's land by another private way. If all the elements necessary to prove a prescriptive right of way or a right to thirty days' notice after one year's user are proved, the fact that the alleged way lies wholly within the defendant's property does not preclude the petitioner's right to the appropriate statutory remedy.

8. The general grounds of the plaintiff in error's motion for a new trial are meritorious. The verdict was contrary to the evidence in that the petitioner failed to carry his burden of proof of seven full years of use and his repairs of the alleged way.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*