FOLLENDORE *v.* THOMAS *et al.*

One claiming a private way by prescription over the land of another cannot, after having obtained a prescriptive right to one track, abandon it and obtain a prescriptive right to another track parallel with it or approximately parallel for any distance. The law does not contemplate the establishment of a private way over another's ground by prescription, which shifts from one place to another as to any part of the route, but intends that the same ground shall be occupied all the while, and the way kept in repair on that ground.                   *Judgment reversed.*
January 8, 1894.

*Certiorari.* Before Judge BARTLETT. Bibb superior court. April term, 1893.

Upon the petition of Seaborn and I. F. Thomas, the ordinary ordered that Mrs. Follendore remove obstructions which plaintiffs alleged she had placed on a private way leading to their land. *Certiorari* to this decision was overruled, and defendant excepted.

The evidence for plaintiffs was as follows: A private way has been located across the land for more than seven years, and Frank Thomas and others had used the same uninterruptedly since the time when Thomas acquired the ownership of his place, which was six or eight years ago. The way had been kept in repair, and was not more than fifteen feet wide. Frank Thomas had traveled "in the old road running parallel to the one" since he owned the place, there being an old road which had formerly been the road used, and at another place four parallel roads. At one or two places the road was more than fifteen feet wide. There was another road twenty-five or thirty feet long, which he traveled sometimes. The road might have been more than fifteen feet wide in some places, but he was not sure, as he had never measured it, but was certain that it was not more than fifteen feet at any place. Seaborn Thomas had known the road in dispute for more than twenty years. The private way now claimed to have been obstructed had been used uninterruptedly for more than seven years. At one point on the road on Mrs. Follendore's place there were four roads leading down the hill for twenty-five or thirty yards, but only one of them is now in use, and only one had been in use for the past seven years or longer. He had worked that road, had hauled pine straw to it and kept it in repair. Said private road was his only road to get into or out from his place, and the road proposed by Mrs. Follendore was impracticable on account of the hills. It would be a great expense on him and others to make a road at the place suggested by Mrs. Follendore, as the hills are so numer-

ous and steep, and a team of mules could not pull an empty wagon up some of the hills. Joseph McGee had known the private way for several years, and it was in moderately fair condition. In one or two places there are turnouts from the road, where the original road had become bad, and in one place where the road went down the hill the road was bad and four roads went down the hill. The width of the road would not average more than fifteen feet, but at some places, on account of turnouts, the road was more than fifteen feet. At one place a tree had fallen across the road, and instead of cutting it out the parties traveling over the road had driven around it. From the looks of the tree it had been across the road very long. He had known the road to be used by plaintiffs and others for twelve or fifteen years or longer. Skipper testified, that this road had been located across the land for thirty or forty years; various changes were made in it from time to time up to about ten or twelve years ago; since then he had not passed over it. One Hunnicutt testified, that the average width of the road was not more than fifteen feet, but there were turnouts in it from its being bad, but its condition was fair; that it had been open and used by the public for more than thirty years; that the turnouts in the road were within the fifteen feet; and that work had been done on it. For the defendant there was evidence that in one place the road was forty-four feet wide, a witness having measured it the day before; that at this place there were four roads that had been made because the original road was in bad condition, and three roads had been in use within the past seven years; that the four roads continued for about twenty-five yards through the land of Mrs. Follendore, but came together again; that at another place the road was twenty-five feet wide, a new road having gone to one side of the old road on account of the miry condition of the old road;

that this new road was not traveled more than four years ago, up to that time the old road having been exclusively used; that the new road ran parallel to the old road a distance of between thirty and seventy-five yards; and that after the abandonment of the old road Thomas Follendore threw brush into it. Defendant testified, that she was willing to give petitioners a road in the line of her land and where the hills made it necessary that said road could run through her land, but that it would be impossible to make a road on her land without cutting down or cutting around the hills, and if they went around the hills the road would be obliged to go over on another person's land.

NOTTINGHAM & BRUNSON and GUSTIN, GUERRY & HALL, for plaintiff in error. A. PROUDFIT, contra.