19149. CHURCH *v.* YORK *et al.*

SUBMITTED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956.

*R. C. Scott,* for plaintiff in error.

*Kimzey & Kimzey, Herbert B. Kimzey, Irwin R. Kimzey,* contra.

ALMAND, Justice.  Mrs. George C. Church sought by an equitable petition to enjoin Massey Concrete Company, a partnership, and another, from constructing a sidetrack that would interfere with the free passage over a private right-of-way running from the plaintiff's residence across the property of Massey Concrete Company.  On the hearing of the prayer for an interlocutory injunction, the trial judge found as a matter of fact that, more than 15 years ago, the plaintiff and the predecessor in title of Massey Concrete Company made an agreement whereby a private right-of-way for the purpose of ingress and egress to and from her property was relocated, and such relocated way had been used since that time by the plaintiff over property now owned by Massey Concrete Company; that the present right-of-way is over 15 feet in width, and at some places approximately 30 feet in width, over the property of said company; that said company desires to build a sidetrack for the loading and unloading of cars, and in order to do so it would be necessary to block the south portion of the private way, leaving about 16 feet on the north side of the private way contiguous to the plaintiff's property.  That Massey Concrete Company has prepared a private way on the north side of the present private way and graveled the same and placed it in as good condition as the center and south sides of the private way were at the time this action was brought, and such change did not interrupt or interfere with the plaintiff's easement or right-of-way, nor interfere with her ingress or egress to and from her property.

These findings on the part of the trial court are supported by the evidence.  It does not appear from the evidence how the plaintiff's predecessor in title obtained the original right-of-way over the property now owned by Massey Concrete Company,

whether it was by order of the court of ordinary or by prescription, or how wide was the way. It appears that the change in the location of the private way was by consent of the then owners of the dominant and servient tenements, but it does not appear how wide was the relocated way. It is apparent from the pleadings and evidence that the plaintiff is now claiming the right to use such right-of-way by prescription. The evidence shows without dispute that the relocated way is at some places more than 15 feet in width, and is therefore insufficient to show a prescriptive right-of-way. Code §§ 83-102, 83-112. It also appears without dispute that Massey Concrete Company, in order to construct its railroad track on a portion of the present private way, has laid out a new way 16 feet in width and put it in condition for travel, and has prepared a way 16 feet in width over its property, whereby the plaintiff can travel to and from her property. This right is confirmed in the court's order. This record showing that the plaintiff in the ultimate obtained more comprehensive relief than she was entitled to, no reasonable grounds exist for complaining of the court's refusal to grant an interlocutory injunction.

It was not error to refuse to grant the interlocutory relief prayed for.

*Judgment affirmed. All the Justices concur.*