### 39762.   BEDINGFIELD v. McCULLOUGH.

DECIDED OCTOBER 16, 1962.

*E. L. Stephens, Jr.,* for plaintiff in error.

*Jones & Douglas, Dubignion Douglas,* contra.

NICHOLS, Presiding Judge. The amendment to the plaintiff's motion for new trial assigns error on the direction of the verdict for the defendant contending that there were issues of fact to be presented to the jury. Therefore, the sole question for decision is whether the evidence adduced on the trial would have authorized a verdict for the plaintiff.

In order to acquire a prescriptive title to a private way over another's land, the burden of proof is on the prescriber to show that he has been in the uninterrupted use thereof for seven years or more, that it is the same number of feet originally appropriated, that it has been kept open and in repair during such period, and is of the width permitted by law. Prior to 1953 (*Code* § 83-102), the private way could not exceed fifteen feet in width and since such time it cannot exceed twenty feet in width (Ga. L. 1953, Nov. Sess., p. 98; *Code Ann.* § 83-102), and in either event the burden is on the prescriber to show that it did not exceed the width permitted. *First Christian Church of Macon v. Realty Investment Co.,* 180 Ga. 35 (1) (178 SE 303); *Ridley v. Griffeth,* 216 Ga. 167 (115 SE2d 336); *Wheeler v. Trammell,* 204 Ga. 883 (52 SE2d 471), and citations.

" 'The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494); *Freyermuth v. R. Co.,* 107 Ga. 32 (32 SE 668); *Ray v. Green,* 113 Ga. 920 (39 SE 470); *Farmer v. Davenport,* 118 Ga. 289 (45 SE 244). And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank v. Goette,* 108 Ga. 796 (33 SE 974). *Southern R. Co. v. Hobbs,* 121 Ga. 428 (49 SE 294).' *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102)." *Thompson v. Gore,* 98 Ga. App. 231 (1) (105 SE2d 359).

The plaintiff, when asked how wide the private way was, testified: "Well I'd say around fifteen foot, somewhere around fifteen and sixteen, somewhere like that." He also testified that the way was cut in 1947 or 1948, and that he received notice in June, 1958, that the defendant was closing the private way, and as to repairs that he made or paid to have made he gave no dates and few details.

Prior to the 1953 amendment the maximum width of a private way was fifteen feet and where the private way is of greater width than permitted it is insufficient to show a prescriptive right of way. See *Church v. York*, 212 Ga. 135 (91 SE2d 9).

Therefore, accepting as true the plaintiff's testimony that the way was more than fifteen feet wide and less than sixteen feet wide no prescription could run from the date the road was cut until December 12, 1953 (the date the permissive width was extended to twenty feet by the General Assembly), and from such date until 1958 (when the plaintiff received notice that the defendant was closing such way), was less than seven years. Accordingly, the plaintiff's evidence showed that he had not met the requirements to establish a private way, and the judgment directing a verdict for the defendant was not error. The later judgment overruling the plaintiff's amended motion for new trial must be affirmed.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*