22874.   ROTHBERG v. PEACHTREE INVESTMENTS, INC.

ARGUED MARCH 9, 1965—DECIDED APRIL 8, 1965.

778

*Ware, Sterne & Griffin, Robert F. Lyle,* for plaintiff in error.
*Fine & Rolader, Joseph J. Fine,* contra.

QUILLIAN, Justice. ■ To sustain a suit to enjoin the obstruction of an alleged private way, "the right to which is based upon prescription by seven years user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen [now 20] feet in width, and that it is the same fifteen feet originally appropriated, but that he has kept it open and in repair during such period." *Maddox v. Willis,* 205 Ga. 596 (1) (54 SE2d 632), and cases therein cited. "If the prescriber fails to show any of these elements necessary to establish prescriptive title, he cannot recover." *Ridley v. Griffeth,* 216 Ga. 167, 169 (115 SE2d 336).

The plaintiff in his amendment attempted to set out that an easement to use the way had been previously acquired (in 1926) by prescription. Although the basis of this assertion was that this right was acquired by a predecessor in title, and there are general averments to this effect, the specific allegations did no more than relate that certain employees of a tenant and third parties used the way and kept it open and in repair. "It is a well settled rule of construction that where both general and specific allegations are made regarding the same subject matter, the latter will control." *Green v. Perryman,* 186 Ga. 239, 247 (197 SE 880). Thus, the rule is applicable: "An independent adverse use by a tenant of an alleged private way over the land of another, not purporting to be covered by the terms of the lease or based upon any authorization purporting to be conferred by the landlord, does not inure to the benefit of the landlord." *Olsen v. Noble,* 209 Ga. 899 (1) (76 SE2d 775).

The averments of the petition fail to show that a predecessor in title of the plaintiff acquired such prescriptive right as could be passed on to the plaintiff.

The petition also fails to allege a meritorious cause for prescription based on 20 years adverse use, as well as for a pre-existing right. At one place in the petition it alleged that the plaintiff has had uninterrupted and constant use of a way which has not exceeded 15 to 20 feet, while in another paragraph, within the same count, the allegation is that the passageway does not exceed 15 feet in width. Such allegations are conflicting and contradictory, or, to say the least, ambiguous. Clearly, the first allegation is that the terminus of the passageway's width is in excess of 15 feet, while the second allegation limits the width claimed to 15 feet. "On demurrer, pleadings are construed most strongly against the pleader, and if an inference unfavorable to the party claiming a right may be fairly drawn from them, such inference will prevail." *Norman v. Nash,* 102 Ga. App. 508 (2) (116 SE2d 624); *Hogan v. Cowart,* 182 Ga. 145 (1 b, c) (184 SE 884); *Doyal v. Russell,* 183 Ga. 518 (3) (189 SE 32); *Frazier v. Southern R. Co.,* 200 Ga. 590, 597 (37 SE2d 774). Hence, we construe the plaintiff's allegations to mean he claims a passageway in excess of 15 feet but not more than 20 feet. The

Act of 1953, Ga. L. 1953, Nov. Sess., p. 98, amending *Code* § 83-102, provided that a private way should not exceed 20 feet in width. Prior to 1953 the width of a private way sought to be claimed by prescription could not exceed 15 feet in width. Code of 1910, § 808; Code of 1933, § 83-102; *Aaron v. Gunnels,* 68 Ga. 528. Hence, count 2 and all of that portion of count 1 relating to events prior to 1953 show a fatal deficiency since a prescriptive claim of a private way in excess of 15 feet would be barred.

Another objection to the cause the plaintiff endeavors to plead as regards a 20 year prescriptive period and as do an adverse claim in 1926 which ripened into a right is that, despite the allegations that the same width as appropriated originally is now claimed, the two specific allegations—one alleging a way of 15 to 20 feet and the other alleging 15 feet—show exactly to the contrary. Therefore the petition shows a variance between the width of the way claimed and that originally appropriated.

■ We are left to consider whether the allegations establish a prescriptive right to which the plaintiff is entitled since 1953. Again, we test the allegations against the requirements described at the beginning of the opinion. The plaintiff, claiming in his own right, attempts to avoid the necessity for showing he kept the way open and in repair by alleging that no repairs were needed and that the owner of the property where the private way was situated kept it open. In our view, such facts tend more towards asserting a permissive use than one adverse to that of the defendant.

This court has held: "In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it." *Collier v. Farr,* 81 Ga. 749, 753 (7 SE 860). Without deciding whether allegations of repairs are essential where none were needed (see *Hardin v. Snow,* 201 Ga. 58, 38 SE2d 836), we adhere to the settled doctrine that prescription requires notice to the opposite party of the adverse claim. As pointed out in *First Christian Church v. Realty Investment Co.,* 180 Ga. 35, 39 (178 SE 303): "The essence of the

right claimed by the plaintiff to the use of the driveway is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe. The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the repairs." *Nelson v. Girard,* 215 Ga. 518, 519-20 (111 SE2d 60). Moreover, "use alone is insufficient to acquire prescriptive title." *Cox v. Zucker,* 214 Ga. 44, 52 (102 SE2d 580).

The petition showing use of the passageway as the only notice given to the defendant, it failed utterly to assert facts indicating the defendant was apprized of the plaintiff's adverse claim. In such circumstances, the trial judge did not err in sustaining the demurrers and in dismissing the petition. *Cook v. Gammon,* 93 Ga. 298 (20 SE 332); *Miller v. Slater,* 182 Ga. 552, 557 (186 SE 413); *Nassar v. Salter,* 213 Ga. 253, 255 (98 SE2d 557).

*Judgment affirmed. All the Justices concur.*