73625. RIZER v. HARRIS.
(354 SE2d 660) .

SOGNIER, Judge.

Evon Rizer brought an appeal to the Superior Court of Brooks County from the order of the Probate Court of Brooks County finding that a private way had been established across his land as provided in OCGA § 44-9-54 and ordering Rizer to remove the obstructions he had placed across the private way that were the subject of a petition filed by Rubye W. Harris. OCGA § 44-9-59 (a). The jury returned a verdict in favor of Harris and Rizer appeals to this court from the judgment entered on that verdict. See *Carter v. Kinman*, 231 Ga. 759 (204 SE2d 299) (1974).

1. Appellant contends the trial court erred by admitting non-expert opinion testimony by Jimmy Chappell concerning the width of the private way. Chappell testified that he had not measured the pri-

vate way but that "just guessing," the way was between 15 and 20 feet wide. " 'In respect to the opinion testimony as to speeds, time, and distance, it has been held many times that same is very unreliable, but nevertheless, admissible.' [Cit.]" *Harris v. Collins*, 145 Ga. App. 827, 828 (1) (245 SE2d 13) (1978). The trial court did not err by admitting Chappell's testimony.

2. Appellant contends the trial court erred by denying his motion for a directed verdict asserting the insufficiency of the evidence. OCGA § 44-9-1 provides: "The right of private way over another's land may arise from an express grant, from prescription by seven years' uninterrupted use through improved lands or by 20 years' use through wild lands." OCGA § 44-9-54 is as follows: "Whenever a private way has been in constant and uninterrupted use for seven or more years and no legal steps have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way." "In order to sustain [a proceeding under OCGA § 44-9-59 (a) to remove an obstruction from a private way] it is necessary for the applicant to show that he has been in uninterrupted use of the way for seven years or more, that it does not exceed [20 feet, OCGA § 44-9-40 (a)] in width, that it is the same number of feet originally appropriated, and that he has kept it open and in repair during such period. [Cits.]" *Burnum v. Thomas*, 71 Ga. App. 690, 692 (2) (31 SE2d 925) (1944).

We find no merit in appellant's first argument that the evidence was inadequate as to the width of the private way. In addition to Chappell's evidence (see Division 1), several witnesses testified that a gate spanning the road was 16 feet wide and Edwin Moody, since 1976 appellee's tenant on the property serviced by the private way, testified the road has not been maintained wider than the 16 feet during his tenancy. Although appellant's expert testified that the roadbed of the private way varied from 24 to 31 feet in width, on cross-examination he stated that outside the 16-foot strip (maintained by Moody), the only evidence that more footage was being used was some old levelling now covered by grass and scrub trees. The expert could only guess as to how recently the old levelling apart from the 16-foot strip had been bulldozed.

A verdict shall be directed where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cit.]" *United Fed. Sav. &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983). Applying these standards to the record of this case, we find no error in the trial court's denial of appellant's motion for directed verdict.

Appellant also argues that his motion for directed verdict was im-

properly denied because evidence that appellee's tenant made repairs to the private way could not accrue to appellee's benefit without proof that the lease expressly or impliedly included the private way, citing *Olsen v. Noble*, 209 Ga. 899 (1) (76 SE2d 775) (1953) and *Rothberg v. Peachtree Investments*, 220 Ga. 776, 779 (1) (142 SE2d 264) (1965), and thus there was no evidence as to the essential requirement that appellee has kept the private way in repair during the past seven years. We agree with appellant that while the record shows appellee used the private way during the required time period, that witnesses testified the way was being maintained and that appellant had not maintained it, the only evidence as to maintenance was in the testimony of appellee's tenant, Moody, who stated he had been responsible for maintaining the private way since the start of his tenancy. " 'In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it.' [Cit.]" *Rothberg*, supra at 780 (2). "The essence of the right claimed by [appellee] to the use of the driveway is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe. *The gist of the requirement as to repairs is not so much the repairs as the notice which is given by the repairs.*" (Emphasis supplied.) *First Christian Church v. Realty Investment Co.*, 180 Ga. 35, 39 (178 SE 303) (1934).

Thus, the crux of the requirement for repairs lies not in the actual effectuation of repairs by the prescriber but in the notice of adverse use the performance of such repairs would give to the property owner. The importance of this "notice by repair" requirement is best illustrated in situations where the initial use of the private way was permissive. See *First Christian Church*, supra; *Burnum*, supra. The record here, however, shows uncontrovertedly that the adverse nature of appellee's use of the private way was known to the property owner from the start since both appellant and appellant's predecessor-in-interest testified that no permission had ever been given appellee or her predecessor-in-interest to cross the property in question. Therefore, no notice was needed to alert appellant that appellee's use of his land was adverse to his property interest and thus it was unnecessary for appellee to show she personally maintained or authorized the maintenance of the private way as a means of evidencing adverse use of the private way. *Olsen* and *Rothberg*, supra, are thereby distinguished, and the trial court did not err by denying appellant's motion for a directed verdict on this issue. OCGA § 9-11-50 (a). Since the principles set forth in *Olsen* and *Rothberg*, supra, were not pertinent under

the facts of the case sub judice, it follows that the trial court did not err by refusing to charge the jury those requests set forth in appellant's third enumeration of error which embodied those principles. See *Wilkes v. Dept. of Transp.*, 176 Ga. App. 739, 742 (3) (c) (337 SE2d 404) (1985).

3. Appellant contends the trial court erred by charging the jury that "[a] person cannot acquire a greater width and cannot acquire a right to a greater width by turning out or expanding or otherwise avoiding an obstacle in the path which they themselves should have removed as a part of keeping the right-of-way in repair. If only parts of the right-of-way were over 20 feet wide when originally laid out or claimed, this would not necessarily prevent the establishment of the private way."

Although the source for this charge is not referenced in the record, both sentences appear to be drawn from *Kirkland v. Pitman*, 122 Ga. 256 (2) (3), 260 (50 SE 117) (1904), which involved a landowner who, when voluntarily setting out a pathway for the benefit of the applicants, established a pathway in excess of the statutory width for a private way. See Suggested Pattern Jury Instructions, Vol. 1, XXIX (2). Those facts are inapposite to the evidence in this case. We find that no error resulted from charging the first sentence since, in the absence of any evidence appellee sought to justify an expansion of the width of the private way by avoiding some obstacle, appellant cannot show how this portion of the charge prejudiced or harmed him. See *Wilcox v. State*, 174 Ga. App. 21, 23 (5) (329 SE2d 244) (1985). Nor do we agree with appellant that the width of the pathway as originally laid out or maintained would necessarily prevent the establishment of the private way where, as here, the applicant could prove the pathway as appropriated and maintained was within the statutory parameters. However, the trial court did err by charging that excess width of the right-of-way as originally "*claimed*" would not necessarily prevent establishment of a private way. An applicant cannot establish any right whatsoever in a private way if the width of the pathway exceeds the statutory limit at any point when originally claimed by the applicant. OCGA § 44-9-40 (a); *Burnum*, supra; see *Church v. York*, 212 Ga. 135, 136 (91 SE2d 9) (1956). The second sentence of the charge complained of thus directly contradicted an essential element required to establish a right of private way over another's land. While the instruction as given may have been a slip of the tongue and although the court correctly instructed the jury elsewhere that, in order to acquire prescriptive title to a right-of-way, the claimed pathway must not exceed 20 feet in width, the trial court never retracted the erroneous portion of the charge. Where a charge containing two distinct propositions, conflicting one with the other, is calculated to leave the jury in such a confused condition of mind that the jury cannot render an in-

telligible verdict, the result cannot be held harmless and requires the grant of a new trial. See *State Hwy. Dept. v. Hilliard*, 112 Ga. App. 498, 499 (2) (145 SE2d 824) (1965); *Srochi v. Kamensky*, 121 Ga. App. 518, 525 (4d) (174 SE2d 263) (1970). For this reason the judgment must be reversed.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 3, 1987.

*Reginald C. Wisenbaker*, for appellant.
*Allen D. Denton*, for appellee.