## S00A1459. PROCTOR et al. v. HEIRS OF SUSIE JERNIGAN et al.
(538 SE2d 36)

FLETCHER, Presiding Justice.

Paul and Jo Proctor brought this quiet title action based on a claim of adverse possession under color of title. This Court granted the discretionary application to address whether actual notice of an adverse possession claim is necessary when there is no evidence of permissive possession. Applying the plain meaning of the statutory language in OCGA § 44-5-161, we hold that the requirement of actual notice applies only to adverse claims based on the claimant's possession by permission. Because the trial court correctly denied the Proctors' motion for summary judgment, we affirm and remand for an evidentiary hearing.

1. OCGA § 44-5-161 (a) states the elements for adverse possession, whether for twenty years or seven years under color of title.[1] Possession must be accompanied by a bona fide claim of right, must not have originated in fraud, and must be "public, continuous, exclusive, uninterrupted, and peaceable."[2]

Subsection (b) deals with permissive possession: "Permissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party." This Court has consistently followed the rule that possession of property by permission cannot ripen into title by adverse possession until the person possessing the property gives notice that the possession is adverse to the true or rightful owner.[3] We have never required "actual notice" of a claim under adverse possession since the claimant's public, continuous, and exclusive possession of the property provides the required notice.

2. Adverse possession is usually a mixed question of law and fact.[4] The judge decides whether, as a matter of law, the facts alleged by the claimant are sufficient to constitute a claim of adverse possession. The jury decides whether the claimant has presented sufficient evidence to establish the elements of adverse possession.

Both parties claim fee simple title to the same piece of property — lots 1, 2, 3, 4, and 5 of Block B of the Beverly Hills subdivision in Walker County. The Proctors base their adverse possession claim on a 1982 quitclaim deed from a previous owner of lots 6, 7, and 8 and open acts of possession. The respondents base their ownership on a 1917 deed to John Schmitt and Schmitt's 1954 will devising all his

---

[1] See *Woods v. Brannen*, 208 Ga. 495 (67 SE2d 702) (1951).

[2] See OCGA § 44-5-161 (a); Daniel Hinkel, *Pindar's Georgia Real Estate Law and Procedure* §§ 12-13 to 12-16 (5th ed. 1998).

[3] See *Coleman v. Coleman*, 265 Ga. 568 (459 SE2d 166) (1995); *Johnson v. Key*, 173 Ga. 586, 591 (160 SE 794) (1931).

[4] *Georgia Power Co. v. Irvin*, 267 Ga. 760 (482 SE2d 362) (1997).

real property to Susie Jernigan and six other named persons. Both the special master and trial court in this case found disputed issues of material fact, and the trial court denied the parties' cross-motions for summary judgment. Because we agree that there remain disputed issues of material fact concerning the Proctors' good faith and continuous possession, we affirm the denial of their motion for summary judgment and remand for an evidentiary hearing.[5]

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*John W. Rhyne, Jr.*, for appellant.
*Larry B. Hill*, for appellee.

---

[5] See OCGA § 23-3-66; *Addison v. Reece*, 263 Ga. 631 (436 SE2d 663) (1993).