**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 9, 2015**

# In the Court of Appeals of Georgia

A14A0431. SHERMAN v. THOMAS-LANE AMERICAN LEGION POST 597.

RAY, Judge.

Hiawatha Sherman appeals the trial court's grant of summary judgment to the Thomas-Lane American Legion Post 597 ("Post 597") on the issue of whether Post 597 had acquired prescriptive title to Sherman's land by possession for more than 20 years under OCGA § 44-5-163. Sherman argues that, because material questions of fact remain, the trial court's decision was in error. For the reasons that follow, we reverse the trial court's order of summary judgment.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. The movant has the original burden of making this showing. Once the movant has made

a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56, must set forth specific facts showing that there is a genuine issue for trial. A defendant may meet its burden on a motion for summary judgment by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Revocable Trust of Timothy W. Griffin v. Timberlands Holding Co. Atlantic, Inc.*, 328 Ga. App. 33, 33 (761 SE2d 458) (2014).

On April 24, 1976, Post 597 purchased a plot of land known as Lot 3 in the Norris Gunby Subdivision in Lincolnton, Georgia. The property was not surveyed at the time of purchase. Lot 3 adjoins land Sherman has owned since June 9, 2011, which is known as Lot 1.[1] Lot 1 lies to the west of Lot 3. Post 597 alleges that for

---

[1] Sherman's land was previously owned by Katie Gunby, who inherited the property from her husband, the subdivision's developer, in 1977. Gunby sold the land to Free Indeed Holiness Church in 1986, which sold the land to Sherman, as noted above.

approximately 35 years, it believed that the western boundary of its property was a chain-link fence approximately 50 feet behind a concrete building that faces Augusta Highway, and that it has exclusively and continuously occupied and maintained the disputed area up to the fence line during that time.

Between 1985 and 1994, Post 597 placed or constructed various structures on the now-disputed parcel. Post 597 built a steel-framed building, which still stands, on the site in 1994. In 2009, because the fence had fallen into disrepair, Post 597 removed it. In 2011, after Sherman purchased the property and had it surveyed, she claimed, inter alia, that the steel-framed building encroached on her land and that Post 597 was trespassing.

On October 5, 2012, Post 597 sought a declaratory judgment stating that it had acquired a prescriptive right of title to approximately 0.25 acres of land, and later moved for summary judgment. After a hearing, which was not transcribed, the trial court granted Post 597's motion for summary judgment and issued a declaratory judgment that it was the lawful owner of the property in question. Sherman appealed.

1. Sherman argues that the trial court erred in finding that she failed to file a response to Post 597's motion for summary judgment until the day of the hearing and,

3

as a result, in finding that Sherman had waived her right to present evidence in opposition to the motion. We find no error.

The hearing on the motion for summary judgment was held on July 30, 2013. The record shows that on July 29, 2013, Sherman filed a document entitled "Response to Material Facts Concerning which Defendant Contends there is a Genuine Issue to be Tried." The next day, half an hour before the hearing was to begin, Sherman filed two affidavits in opposition to Post 597's motion for summary judgment.

Sherman is correct in arguing that her response was filed the day before the hearing, not the day of the hearing. However, both her response and affidavits were served and filed more than 30 days after June 7, 2013, which was the date of the filing and service of the motion for summary judgment.

A party opposing a summary judgment motion need not respond and may instead rely on the movant's failure to remove any fact questions. *C. D. Alexander v. Boston Old Colony Ins. Co.*, 127 Ga. App. 783, 784-785 (2) (195 SE2d 277) (1972). However, if the nonmovant chooses to respond, unless otherwise ordered by the trial court, any response must be served and filed not later than 30 days after service of the motion. *Henderson v. Caughran*, 182 Ga. App. 657, 658 (356 SE2d 721) (1987);

4

Uniform Superior Court Rule 6.2. Further, OCGA § 9-11-56 (c) provides that "[t]he adverse party *prior to the day of hearing* may serve opposing affidavits." (Emphasis supplied). See also *Brown v. Williams*, 259 Ga. 6, 7 (4) (375 SE2d 835) (1989).

Sherman's response and affidavits were filed out of time. Thus, the trial court's determination that Sherman "waived her right to present evidence in opposition to the motion"[2] was not an abuse of discretion as to the affidavits and was right for any reason as to the response. *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002).

Even so, there is no such thing as a default summary judgment. *Hughes v. Montgomery Contracting Co., Inc.*, 189 Ga. App. 814, 815 (377 SE2d 723) (1989). It is clear that the trial court did not render such. By failing to respond timely, as the trial court found, Sherman merely waived her right to present evidence in opposition to the motion. "It does not automatically follow that the motion should be granted. A motion for summary judgment should not be granted unless it affirmatively appears

---

[2] Although the trial court later references what it defines as one of the "belated affidavit[s,]" given the trial court's determination that Sherman had waived her right to present evidence, we can only assume that the trial court did not consider the "belated affidavit" in rendering its decision.

from the pleadings and evidence that the party so moving is entitled to prevail." (Citation and punctuation omitted.) Id.

2. Sherman next argues that the trial court erred in finding that Post 597 had possessed the land adversely to the extent required to ripen into prescriptive title, contending that because Post 597 exercised only "[c]asual possession" or permissive possession of the land at issue, this was insufficient to give her "actual notice" of adverse possession. Sherman presents no argument or citations to the record on the issue of "casual" or permissive possession, nor were those particular grounds for lack of notice raised by the parties below or ruled upon by the trial court. Accordingly, this argument is waived on appeal. *Crippen v. Outback Steakhouse Intl., L.P.*, 321 Ga. App. 167, 170 (1) (742 SE2d 280) (2013).

As for the issue of notice generally, actual notice to a rightful owner is not required absent claims based on possession by permission. *Proctor v. Heirs of Jernigan*, 273 Ga. 29, 29 (1) (538 SE2d 36) (2000). See also OCGA § 44-5-161 (b). Rather, a "claimant's public, continuous, and exclusive possession of the property provides the required notice." *Proctor*, supra at (1).

Post 597 provided evidence of public, continuous, and exclusive possession of the property through affidavits from prior owners and users of the disputed property.

6

These affidavits testified to the placement and erection of buildings, maintenance, and use of the land during the relevant time period. OCGA § 44-5-165. *Walker v. Sapelo Island Heritage Auth.*, 285 Ga. 194, 197-198 (2) (674 SE2d 925) (2009); *Hughes v. Heard*, 215 Ga. 156, 160 (3) (109 SE2d 510) (1959); *Tolnas v. Pope*, 212 Ga. 50, 52 (90 SE2d 420) (1955) (erection of buildings indicates actual possession). Sherman provided no contrary evidence below. We find no error.

3. On appeal, Sherman argues that although the affidavits Post 597 presented state that the former fence line was approximately 50 feet behind a concrete building on her land, a survey proffered by Post 597 instead "claims 64.91 feet of property[.]" Sherman further contends that the trial court erred because "no evidence submitted by affidavit or otherwise defined the exact location of the former fence line; only the property desired by Post 597 to be awarded to it."

A careful reading of Post 597's pleadings and evidence shows that Post 597 is merely using the 50-foot description to locate the fence line in relation to the back wall of the concrete building; it never claimed prescriptive title to merely the land running from the back wall of the building to the boundary between Lots 1 and 3. Rather, Post 597 consistently claimed prescriptive title to approximately 0.25 of an acre measured from the original, legal dividing line between Lots 1 and 3 to the new

7

boundary and amounting to, according to one measurement noted on the survey, 64.91 feet.

However, Sherman is correct in pointing out that no evidence in the record indicates that the claimed boundary line on the survey is the same as the former fence line, and it is not possible to discern from the survey the distance between the back wall of the building as depicted and the claimed boundary line.

The burden to show that no genuine issue of fact exists rests squarely upon the party moving for summary judgment. See *Nichols v. Frey*, 185 Ga. App. 829, 830 (366 SE2d 212) (1988) (if moving party fails to produce evidence of the "necessary certitude," his motion for summary judgment will be denied). "[W]here the moving party has presented evidence of the necessary certitude, [the adverse party] must, in his opposing affidavits, set forth specific facts showing a genuine issue to be decided." (Citations and punctuation omitted.) *Bogart v. Wisconsin Inst. for Torah Study*, 321 Ga. App. 492, 495 (3) (739 SE2d 465) (2013). See also OCGA § 9-11-56 (e).

Sherman presented no evidence to the trial court showing that Post 597's claimed boundary differed from the fence line. However, on summary judgment, we view the facts in the light most favorable to Sherman as the non-moving party.

8

*Revocable Trust of Timothy W. Griffin*, supra. Post 597 has not met its burden of producing evidence of the "necessary certitude" to show that no genuine issue of fact remains because the record is devoid of any evidence equating the former fence line with the claimed boundary. *Nichols*, supra. The grant of summary judgment is reversed.

*Judgment reversed. Andrews, P. J., and McFadden, J., concur*.