**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 25, 2021**

# In the Court of Appeals of Georgia

A21A0857.  BEAMER  RENTALS,  INC.  v.  GREENTREE INVESTMENT PARTNERS, LLC.

DOYLE, Presiding Judge.

Plaintiff Beamer Rentals, Inc., appeals from the dismissal of its action for condemnation of a right of way of necessity over land owned by defendant Greentree Investment Partners, LLC. Beamer contends that the trial court erred by dismissing its complaint because (1) the trial court improperly considered evidence outside the pleading and improperly converted the dismissal into a summary judgment proceeding without proper notice or allowing discovery , (2) the trial court misinterpreted the applicable statutes — OCGA §§ 44-9-40 and 44-9-41 — to conclude that Beamer could not plead alternative rights of way in a single action , and (3) the trial court misconstrued the record to find that a commercial driveway exists

on Greentree's property and precludes Beamer from asserting a right of way over that portion of Greentree's property.[1] For the reasons that follow, we affirm.

The undisputed portion of the record shows that Beamer and Greentree own adjacent parcels of land along State Route 156. The Beamer property is a .7 acre corner lot bounded by an access ramp off of Interstate 75 along the eastern border, State Route 156 along the southern border, and Greentree's property along the western and northern borders. In October 2011, Beamer had access from its southern border onto State Route 156; at that time, the Georgia Department of Transportation ("DOT") condemned all roadway access to the Beamer property, paying Beamer for the taking, so that the DOT could widen Route 156 and construct certain other improvements. After the widening and controlled access improvements to Route 156, the Beamer property lacked access to Route 156 due to uninterrupted curbing and a traffic design that prohibited any curb cut into the Beamer property.

As a result of the improvements, a driveway entrance and traffic island was constructed by the DOT on Greentree's property immediately adjacent to Beamer's property. The driveway entrance is designed to handle commercial traffic, and at its

---

[1] Beamer's appellate brief lists eight interrelated enumerations of error, but for purposes of argument it collapses them into three basic arguments.

2

narrowest point within the Greentree property, measures approximately 36 feet wide, expanding to at least double that width along Route 156 to accommodate the traffic island and a right-turn lane from the Greentree property onto Route 156. Shortly after entering the Greentree property, the driveway terminates onto the Greentree property, but there presently is no improved road or driveway served by the driveway entrance.

In July 2019, Beamer filed a complaint for a right of way of necessity, seeking to condemn a 20-foot wide portion of Greentree's property.[2] Attached to Beamer's complaint was Exhibit D, depicting the proposed condemned portion of property: a 20-foot wide strip of property running from the eastern border of the Beamer property out to Route 156 through the area now developed by the driveway entrance. In September 2019, Greentree filed an answer and a motion to dismiss, pointing out that Beamer's proposed route ran over and along the newly constructed 36-foot wide driveway entrance and passed over the turning lane median installed by the DOT. This, Greentree argued, rendered the proposed right of way "impossible" based on

---

[2] Beamer had filed an earlier action seeking the same relief. That action resulted in an unappealed order in February 2019, ruling that Beamer was "entitled to seek a private way of necessity," but Beamer's proposed route in that action was rendered impossible because of the location of the DOT driveway. Therefore, the court dismissed that action without prejudice.

statutory and case law holding that "[p]rivate ways shall not exceed 20 feet in width."[3]

Later the same month, Beamer filed an amended complaint with a new route that avoided crossing over the turn-lane island and hugged the eastern 20-foot wide portion within the 36-foot wide driveway entrance. The amended complaint also proposed alternative routes seeking to minimize conflict with the driveway entrance, including a route that split into two 10-foot wide routes running within the 36-foot wide driveway entrance and allowing use of the right-turn lane onto Route 156, and a route that assumed a future dedication of the driveway to the City of Calhoun.[4]

In December 2019, following a hearing, the trial court entered an order ruling that while Beamer was entitled to seek a private way of necessity, such a petition was limited to proposing only one route, based on statutory language focusing on an

---

[3] OCGA § 44-9-40 (a). See also *Macgibbon v. Akins*, 245 Ga. App. 871, 873 (3) (538 SE2d 793) (2000) (noting the requirement to prove that the width of the pathway sought does not exceed 20 feet), quoting *Rizer v. Harris*, 182 Ga. App. 31, 34 (3) (354 SE2d 660) (1987) (physical precedent only), overruled on other grounds by *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360, 362 (434 SE2d 477) (1993).

[4] An affidavit by Beamer's owner, Phillip Beamer III, avers that Greentree moved the driveway entrance to a location adjacent to the Beamer property and promised to dedicate the entrance along with a 65-foot roadway to the City, which would allow access to the Beamer property from Route 156. This apparently had not occurred.

4

easement or right of way in the singular. Therefore, the court struck the amended complaint, but at that time, it denied Greentree's motion to dismiss the original complaint.

In June 2020, Beamer filed a second amended complaint proposing only one route, i.e., the route that did not conflict with the turn-lane island and included only the 20-foot wide easternmost portion of the 36-foot wide driveway entrance.

In July 2020, Greentree moved to dismiss the amended complaint, again arguing that it conflicted with law requiring private ways to be no wider than 20 feet. After reviewing the ensuing responsive briefing, the trial court entered an order in November 2019 granting the motion to dismiss Beamer's second amended complaint on the ground that the proposed route must be limited to 20 feet wide, and "cannot be approximated and fixed within an existing driveway that is in excess of [20] feet. . . ." Beamer then filed a timely notice of appeal.

1. Beamer's first argument is procedural: the trial court erred by considering evidence outside of the pleadings and converting the motion to dismiss into a motion for summary judgment without proper notice or opportunity for discovery.[5] Although

_____

[5] See generally *Davis v. Phoebe Putney Health Sys.*, 280 Ga. App. 505, 507 (2) (634 SE2d 452) (2006) ("When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted

it is true that Beamer opposed considering evidence outside of the pleadings and asserted its right to discovery and developing the record , the crux of the trial court's ruling rested only on the facts as characterized in Beamer's complaint and the exhibits attached thereto. And despite the fact that certain additional facts and evidence were referenced by counsel for both parties at various times, the basis for the trial court's ruling was a narrow one: the right of way as pleaded by Beamer failed to comply with the controlling statutory and case law requiring such private rights of way to be no wider than 20 feet. The ruling did not rely on any matters outside of the complaint and exhibits attached by Beamer. Accordingly, this argument presents no basis for reversal.[6]

---

to a motion for summary judgment pursuant to OCGA § 9-11-56, and the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment.").

[6] See *Dennis v. City of Atlanta*, 324 Ga. App. 659, 664 (2) (751 SE2d 469) (2013) ("A trial court may consider exhibits attached to and incorporated into the pleadings when ruling upon a motion to dismiss."). See also Cf. *Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 832, 835 S.E.2d 764, 773 (2019) (improperly converting a motion to dismiss to a summary judgment motion was not reversible where no harm occurred to the nonmovant).

2. Next, Beamer argues that the trial court erred by ruling in the December 2019 order that Beamer's first amended complaint pleading alternative rights of way within the same action was inconsistent with the statutory scheme authorizing superior courts to grant private ways. In light of the record before us, this argument affords no basis for reversal.

OCGA § 44-9-40 provides, in relevant part:

(a) The superior court shall have jurisdiction to grant private ways to individuals to go from and return to their property and places of business. Private ways shall not exceed 20 feet in width and may be as much less as the applicant may choose or as the court may find to be reasonably necessary. . . .

(b) When any person or corporation of this state owns real estate or any interest therein to which the person or corporation has no means of access, ingress, and egress and when a means of ingress, egress, and access may be had over and across the lands of any private person or corporation, such person or corporation may file his or its petition in the superior court of the county having jurisdiction; said petition shall allege such facts and shall pray for a judgment condemning an easement of access, ingress, and egress not to exceed 20 feet in width over and across the property of the private person or corporation.

Addressing the petition itself, OCGA § 44-9-41 provides, in relevant part:

7

The petition shall describe the easement of private way sought to be condemned over the lands of another and shall state the distance and direction of the private way and the nature of any improvements through which the private way will go. There shall be attached to the petition or incorporated therein a plat showing the measurements and location of the private way. The petition shall state the names and addresses of all persons owning an interest in the property. . . .

Based on the language in OCGA § 44-9-41, including phrases such as "the petition shall describe *the easement* . . . sought," and "shall state the distance and direction of *the private way*,"[7] the trial court ruled that any petition seeking a declaration of a private way pursuant to this statute must identify the proposed easement in the singular, and a petitioner cannot propose alternatives in the same action.

Pretermitting the correctness of this specific aspect of the court's rulings, it remains clear that all of the alternative routes proposed by Beamer are 20-foot wide portions that fall within the wider driveway entrance constructed by the DOT and running across the Greentree property. This, according to the trial court's ruling on the substance of Beamer's second amended complaint (addressed below in Division

[7] (Emphasis supplied.)

8

3), would be fatal to each of the alternative routes proposed by Beamer in the various exhibits in the pleadings. Therefore, even assuming that Beamer is correct, and it could plead multiple alternatives, each of the alternatives identified by Beamer are susceptible to the same analysis on the merits. Accordingly, this procedural argument turns on the favorable resolution of that analysis, which we address in the next division.

3. Beamer's substantive challenge argues that the trial court erred by ruling that its proposed route — a 20-foot wide route that falls within the wider 36-foot wide driveway entrance — fails to meet the statutory requirement that rights of way "shall not exceed 20 feet in width."[8] Based on the record before us and the precedent controlling this issue, we disagree.

"[F]iling a petition pursuant to OCGA § 44-9-40 et seq. is the procedure by which an owner of landlocked real estate asserts its rights. . . ."[9] The process for obtaining "a private way over the land of a stranger, . . . provided by . . . OCGA §

---

[8] OCGA § 44-9-40 (a).

[9] *Dehco, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, 350 Ga. App. 760, 762 (1) (830 SE2d 333) (2019). See also *Cline v. McMullan*, 263 Ga. 321, 321 (1) (431 SE2d 368) (1993), overruled on other grounds by *Gilliam v. State*, __ Ga. __ (860 SE2d 543) (2021) (disapproving of cases exercising jurisdiction based solely on the ground of judicial economy).

44-9-40 et seq. . . . [is] in derogation of common law and must be strictly limited to the meaning of the language used [] and not extended beyond the plain and explicit statutory terms."[10]

As noted above, OCGA § 44-9-40 (a) states that "[p]rivate ways shall not exceed 20 feet in width," and Georgia's courts have construed this language to mean that "[a]n applicant cannot establish any right whatsoever in a private way if the width of the pathway exceeds the statutory 20-foot limit at any point when originally claimed by the applicant."[11] If a roadway exceeds the statutory maximum width, it is

---

[10] (Citations and punctuation omitted.) *Morrison v. Derdziak*, 255 Ga. App. 89, 91 (1) (564 SE2d 500) (2002).

[11] (Punctuation omitted.) *Macgibbon*, 245 Ga. App. at 873 (3), quoting *Rizer*, 182 Ga. App. at 34 (3) (physical precedent only) (applying OCGA § 44-9-40 in the context of an action seeking a prescriptive easement), overruled on other grounds by *Gunnells*, 263 Ga. at 362.

"too wide to function as a private right of way."[12] This is because "the width of the *actual roadway*, not the width of use, is the determinative factor."[13]

Here, it is undisputed that the width of the driveway entrance as constructed by DOT on Greentree's property exceeds 20 feet. Beamer has proposed several versions of the right of way it seeks, but each version (including the one in the second amended complaint) depicts a 20-foot wide path situated within the existing driveway area that is at all points wider than 20 feet. As pointed out by Greentree, there is no practical way to limit Beamer's use of the driveway entrance to 20 feet authorized by law, and this conflicts with the rule that private ways under OCGA § 44-9-40 (a) cannot exceed 20 feet in width. Cases interpreting the width limit in OCGA § 44-9-40 (a) uniformly focus on the width of the roadway itself, not a proposed pathway within

---

[12] (Punctuation omitted.) *Revocable Trust of Timothy W. Griffin v. Timberlands Holding Co. Atl., Inc.*, 328 Ga. App. 33, 36-37 (1) (b) (761 SE2d 458) (2014) (examining cases applying the 20-foot-width provision in OCGA § 44-9-40 to prescriptive easements), quoting *Warner v. Brown*, 290 Ga. App. 510, 515-516 (3) (659 SE2d 885) (2008). See also *Church v. York*, 212 Ga. 135, 135-136 (91 SE2d 9) (1956) (applying the predecessor to OCGA § 44-9-40 (a) and stating that a 16-foot wide roadway was too wide to allow the plaintiff to establish a private way because the predecessor statute authorized private ways of 15 feet at the time).

[13] (Emphasis in original.) *Timberlands Holding Co.*, 328 Ga. App. at 36 (1) (b) (construing OCGA § 44-9-40 (a)).

11

the roadway.[14] Accordingly, the trial court did not err by ruling in the December 2020 order that Beamer "is not entitled to seek a private way of necessity pursuant to . . . OCGA § 44-9-40 . . . in the manner in which [Beamer] has plead."[15]

*Judgment affirmed. Reese and Brown, JJ., concur.*

---

[14] See, e.g., *Timberlands Holding Co.*, 328 Ga. App. at 36 (1) (b) ("It is clear that the Supreme Court [in *Church*, 212 Ga. at 135-136] based its ruling not on width of use, but on the width of the roadway.").

[15] See id.